*Pro Se 5*

```
_____ FILED    ┌──────────┐
_____ LODGED   │   MAIL   │
_____ RECEIVED └──────────┘

        MAR 16 2020

        AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

# 20-CV-0295 JLR

Mayze Daniels
Darrell Parodi

_____ ,

Plaintiff(s),

v.

National Railroad
Passenger CORP DBA
Amtrak INC.

_____ ,

Defendant(s).

CASE NO. 20-CV-0295 JLR
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE
ALLEGING NEGLIGENCE
(28 U.S.C. § 1332; Diversity of
Citizenship)

Jury Trial: ☐ Yes ☒ No

## I.   THE PARTIES TO THIS COMPLAINT

A.   Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | | |
|---|---|---|
| Name | Mayze Daniels | Darrell Parodi |
| Street Address | 112 Agape Ln | |
| City and County | Orofino, | |
| State and Zip Code | ID | 83544 |
| Telephone Number | (208) 827-0675 | (208) 827-9358 |

1

*Pro Se 5*

1  B.    Defendant(s)

2      *Provide the information below for each defendant named in the complaint, whether the*
  *defendant is an individual, a government agency, an organization, or a corporation. For an*
3  *individual defendant, include the person's job or title (if known). Attach additional pages if*
  *needed.*

4

5      Defendant No. 1

      Name                              NRPC DBA Amtrak
6      Job or Title *(if known)*
7      Street Address                   I Massachusettes Ave NW 5th floor
      City and County                  Washington DC  ,  20001
8      State and Zip Code
9      Telephone Number                 (202) 906 - 3001

10

11      Defendant No. 2

      Name                              Anthony Coscia
12      Job or Title *(if known)*         Chairman
13      Street Address                   I Massachusettes Ave NW 5th floor
      City and County                  Washington DC , 20001
14      State and Zip Code
15      Telephone Number                 (202) 906 - 3001

16

17      Defendant No. 3

      Name                              Jeffrey Moreland
18      Job or Title *(if known)*         Vice - Chairman
19      Street Address                   I Massachusettes Ave NW 5th floor
      City and County                  Washington ,DC      20001
20      State and Zip Code
21      Telephone Number                 (202) 906 - 3001

22

23

24

*Pro Se 5*

Defendant No. 4

> Name
> Job or Title *(if known)*
> Street Address
> City and County
> State and Zip Code
> Telephone Number

Richard H. Anderson
CEO ~ President
1 Massachusettes Ave NW 5th floor
Washington DC 20001

(202) 906 - 3001

## II.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be  heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  (check all that apply)

‘ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. Defendant is out of STATE, is a corporation + is authorized to operate under: 49 US Code sec 24301, Amtrak is a federal entity (US Const ART III, Sec 2)

*Pro Se 5*

1  B.      If the Basis for Jurisdiction Is Diversity of Citizenship

2              1.      The Plaintiff(s)

3                  a.   If the plaintiff is an individual.

4      The plaintiff (*name*) Mayze Daniels + Darrell Pardi, is a citizen of the

5  State of (*name*) Idaho .

6                  b.   If the plaintiff is a corporation.

7      The plaintiff, (*name*) _____, is incorporated under

8  the laws of the State of (*name*) _____, is incorporated under

9  the laws of the State of (*name*) _____, and has its principal

10  place of business in the State of (*name*) _____.

11      *(If more than one plaintiff is named in the complaint, attach an additional page providing*
   *the same information for each additional plaintiff.)*

12

13              2.      The Defendant(s)

14                  a.   If the defendant is an individual.

15      The defendant, (*name*) _____, is a citizen of the

16  State of (*name*) _____. Or is a citizen of

17  (*foreign nation*) _____.

18                  b.   If the defendant is a corporation.

19      The defendant, (*name*) Amtrak (National Rail Road Passanger corp) is incorporated under

20  the laws of the State of (*name*) Washington , and has its principal

21  place of business in the State of (*name*) Washington .

22      Or is incorporated under the laws of (*foreign nation*) Washington ,

23  and has its principal place of business in (*name*) WA DC .

24      *(If more than one defendant is named in the complaint, attach an additional page*
   *providing the same information for each additional defendant.)*

4

*Pro Se 5*

### III.   THE AMOUNT IN CONTROVERSY

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

The total amount of loss + damages agreed upon is $109,000.00 as per invoice.

### IV.   STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the   facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

On (*date*) 3/12/19 , at (*place*) Seattle WA AMTRAK STATION the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because (*describe the acts or failures to act and why they were negligent*).

Failed to establish a safe traveling environment, usage of improper equiptment, Failing to provide + perform Maintanence on railroad cars, failure to give full Disclosure to family of 5 of faulty train.

The acts or omissions caused or contributed to the cause of the plaintiff's injuries by

(*explain*)

Amtrak had prior knowledge of faulty train Car Failed to disclose to family of 5 + or train Conductor who reconnected faulty train Car Causing small explosion + Fire Damaging Personal Property + causing injury to a prior operation.

*Pro Se 5*

## V.    RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

Asking $ 109,000 ⁰⁰
Total loss of personal property $17,740.00
as per itimization of Articles + property
Damaged and left in train car
medical Bills + Surgery on going. would Like
to be reimbursed.

## VI.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          March 12, 2020

Signature of Plaintiff     Mayze L Daniels

Printed Name of Plaintiff   Mayze L Daniels

Date of signing:          12 MARCH 2020

Signature of Plaintiff

*Pro Se 5*

1    Printed Name of Plaintiff    DARRELL B PARODI

2    Date of signing:            _____

3    Signature of Plaintiff       _____

4    Printed Name of Plaintiff    _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| National Railroad Passenger Corporation. DBA Amtrak INC | Mayze Daniels & Darrell Parodi 112 Agape Ln. Orofino, Id 83544 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☑ CIVILIAN | 11/08/1987 | Single | March 12th 2019 | 1-3 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Prior knowledge of faulty equipment, mechanics, electrical... ect; loss of personal property, damages, ongoing medical surgeries, debt and otherwise due to negligence of National Railroad Passenger corp. DBA Amtrak inc see attached default agreement itemized list of damages. / train car caught on fire. : Please see attached

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Darrell B. Parodi 12805 Cavendish Hwy Kendrick, Id 83537

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
Clothes, luggage, baby items, child items (3) children, list attached for all items included family of 5 traveling to mexico for 2 weeks... train car and everything inside left with Amtrak. Please see attached

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.
Broke right hand when evacuating family of 5 from car fire; recieved extensive damage to prior surgurey on tendon and bicep on (L) arm when having to self evacuate. causing repeat of inital surgury and ongoing estimated at 3 more surguries. Please See Attached

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, and Zip Code) |
|---|---|
| Amtrak Employees - Conductor Mayze Daniels & Darrell Parodi | |

12. (See instructions on reverse).        AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| $17,740.00 | In debt: $7,921.25 + Loss : $8,000.00 + and ongoing see attached | $32,236,000.00 | $109,000.00 x3 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Mayze J. Daniels | (208) 827-0675 | 2/15/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

ATTACHMENT   ONE

MOST RECENT CORRESPondence

R: DEFAULT REMINDER
RIGHT TO REMEDY


ATTCHMENT   TWO

INITIAL   REQUEST FOR
RESPONSE, iE. PRivaTE PRocESS



CATALYST
MEDICAL GROUP

Valley Medical Center
Lewiston Orthopedics

# STATEMENT

| | |
|---|---|
| Account # | |
| Document Date | 07/10/2019 |
| Responsible Party | Darrell B Parodi |
| **Minimum Payment** | **$7525.39** |
| **Due Date** | **07/30/2019** |

**Further Action Required**

Insurance is requesting additional information from you
and will not process claims until this information is
received. As of now, the balance is your responsibility.

## Statement Summary

Responsible Party                                      Darrell B Parodi

| | |
|---|---|
| **Total Statement Charges:** | $7525.39 |
| Total Insurance Payments: | $0.00 |
| Total Adjustments: | $0.00 |
| Total Previous Payments: | $0.00 |
| Total Insurance Balance: | $0.00 |
| **Total Responsible Party Balance:** | **$7525.39** |
| **AMOUNT YOU OWE** | **$7525.39** |

### PLEASE PAY BY 7/30/2019

**Payment and Other Information**

To pay online visit **www.catalystmedicalgroup.com**
Additional payment methods include mail and
over the phone.

If you need to speak with Patient Services, please
call **208-750-4513** 8AM - 5:00PM, Mon - Fri.

## Important Message

Any balances over 90 days from the date of service will
be forwarded to the credit bureau for collections.



CATALYST

2315 8th St
Lewiston, ID 83501



| Amount Due | Due Date | Amount Paid |
|---|---|---|
| $7525.39 | 7/30/2019 | |

Tear along dotted line and include with your check.

PRIVATE ADMINISTRATIVE PROCESS
PROOF OF CLAIM

REMINDER OF DEFAULT/RESPONSE TO LETTER DATED 8/19/2019

Memorandum of Record
DOC. No.: 3172019-10/7

From:
Darrell Parodi and Mayze Daniels
112 Agape Orofino Idaho 83544

Each Party is represented in their individual capacity; this document represents to
separate individuals claims;

**Amtrak Corporate Office | Headquarters**

ATTENTION: Anthony Coscia, Chairman, Jeffrey Moreland, Vice-Chairman
<u>Richard H. Anderson</u>, CEO and President – Richard.anderson@amtrak.com
Phone Number: (202) 906-3001

TO:     **KYLE MICHAELS**
        **SENIOR CLAIMS REPRESENTATIVE**
        NATIONAL RAILROAD PASSENGER CORPORATION
        1 Massachusettes Ave NW 5ᵗʰ Floor Washington DC 20001

Re:     INCIDENT OF 3/13/2019- NEGLIGENCE, Punitive/Monetary Damages
        RESERVATION No.: 4EF547/ ONE WAY
        FROM SEATTLE (King St Station) TO LOS ANGELES
        TRAIN 11 ONE FAMILY BEDROOM CAR 1131 ROOM 015 / 5 Passengers

Subject: Received letter from you dated August 19, 2019

Kyle Michaels, Senior Claims Representative,

The Claimants (injured parties) received a letter from you dated August 19, 2019 where
in you state you have received the requests and have responded accordingly.

First of all, thank you for your written response, the undersigned had requested written
communications and have eagerly been awaiting written response. With that said, you
included that the request for evidence and Private Administrative Process does not appear
to be filed in a legitimate court of law or administrative office, please refer to the first
page of your initial communication you titled "Proof of Claim" wherein under "Subject"
it clearly states:
**INDEPENDANT PRIVATE ADMINISTRATIVE PROCESS**… OPPORTUNITY TO

BRING FORTH THE EVIDENCE TO SUPPORT CLAIM;

Understand as an operation of Law, the undersigned Claimant(s) is and are required to exhaust their administrative remedies before they may bring any judicial action for remedy or relief, if such is warranted by the result of the administrative process, via agreement, stipulation or confession; 'Contract is the law and the law is contract …stated also; Agreements is the law and Law is agreements.' The undersigned have acted in accordance with their independent commercial right to remedy pursuant to:

UCC - 1-201(32) RIGHT TO REMEDY – "Remedy" means any remedial right to which an **aggrieved party is entitled to with or without resort to a tribunal.**
UCC- 1-201 (34) "Right" includes **REMEDY**.

And as it operates from the 'silence' of the 'respondent, the rule or doctrine of 'Estoppel' is invoked. Estoppel by Certificate (herein; Affidavit of Default) A signed statement by a party, certifying for the benefit of another party that a certain statement of facts is correct as of the date of the statement. (said; 'Affidavit of Default Item DOC No.: 317020 Default attached)

Both the Claimants and respondent(s) positions are very clear on the initial document titled, 'PROOF OF CLAIM", within the attached MEMORANDUM IN SUPPORT, and within the NOTICE OF ADMISTRATIVE REMEDY POINTS AND AUTHORITIES ; Please see, Page One, of the memorandum in Support under the section titled **Claimant;**
  1. "Rights existed long antecedent to the organization of the State…" Hale v. Henkle 201 u.s. 43 @ pg. 74 (1905).
  2. Has **the right to exercise 'private administrative process' for resolution before utilizing the courts as necessary.**

**Note: The undersigned Claimant(s) is and are herein exhausting and exhausted their administrative remedies, to determine the nature and cause of the incident, matter, injuries, request for proof of claim(s), as described therein or otherwise.**

One has a right to exhaust his or her 'private administrative process,' (with 1st, 2nd and 3rd Notice) and in so doing IF his or her tort feasor's /Respondents fail and/or refuse to respond/communicate, they having gone silent and any failure to answer would be accepted  as assent and agreement to all claimed facts and answers to inquires …therein being STARE DECISIS …by Tacit Procuration, wherein a 'Nihil dicit judgment' is established, …supported by 'Affidavit of Default (3rd Notice), which was served on August 29, 2019; said package No, ;7004 2510 0002 7487 5879 was received by an Amtrak office and forwarded to another Amtrak office and then returned to sender, said documents were emailed to recipients as well as mailed and is attached to this communication. The memorandum includes but is not limited to stating, Claimant fully understands that it is not the intent of the Respondent(s) to mislead or otherwise defraud, deceive, or withhold any evidence as applied to the inquiries and requested documents herein, and herein Claimants rests upon Respondent(s) 'Good Faith' and 'Clean Hands Doctrine' and duty to so respond.

The only communications received by the undersigned Claimants was a letter requesting information for medical bills which has been thus far covered through the VA and damages to arm are ongoing with future surgeries necessary to repair damage caused by train incident;

Please see Page 2 of the Memorandum Points and Authorities wherein it states under: **Requirement(s) of Respondent(s):**

1. After review of the presentment, evidence, affidavits, this correspondence etc., AMTRAX EMPLOYEES AND REPRESENTATIVES, have/has the opportunity to compensate and reimburse the undersigned
2. **Provide 'Proof of Claim(s)' as attached hereto.**
3. Otherwise Respondent understands and agrees that a non-response, silence and/or refusal to provide 'Proof of Claim(s) constitutes 'full agreement' to all the facts as they operate in favor of the Claimant and Respondent and it's Principal(s) are in agreement for necessary means by lien or otherwise to repay these damages if payment is not available. And where no controversy exists a suit can be filed for aid in collecting damages owed and tort feasor's having no right to argue or defend.

A phone call is not an acceptable response to said presentment and requests.

NO responses to the requested 'Proofs of Claim' were honored, Respondent understands and agrees that a non-response, silence and/or refusal to provide 'Proof of Claim(s) constitutes 'full agreement' to all the facts as they operate in favor of the Claimant and Respondent and it's Principal(s) are in agreement for necessary means by lien or otherwise to repay these damages if payment is not available. And where no controversy exists a suit can be filed for aid in collecting damages owed; at this point a commercial lien can be filed in the State of Washington, for the agreed amount of damages owed.

Because Amtrak and its Representatives, as Respondent(s) admitted all statement(s) and claims by TACIT PROCURATION, all issues are deemed settled STARE DECISIS, and Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative, judicial, or commercial.

Please Take Notice: In lieu of the amount of damages and default the undersigned's are at liberty to place a commercial lien for the amount of damages owed on assets owned by the Amtrak Inc., and its representatives. If Lien is placed and negotiations begin and payment is received said lien will be released and removed within 72 hours of said agreement and or payment.

---

**FOR REFERENCE THE FOLLOWING EXCERPTS ARE FROM THE INITIAL PRESENTMENT, PROOF OF CLAIM, TO AMTRAX SENT IN MAY 2019:**

... Due to the nature of this matter/action, you are to respond within 21 days by return mail, certified, to the Undersigned and a copy to the Third Party or Notary as addressed below.

Failure or refusal by you and your company, to provide the requested Proofs of Claim and failure to bring forth the evidence to support your position, will constitute 'your' dishonor and default with admission and confession of negligence and misrepresentations in your actions and that you failed to give full disclosure of same; therein causing injury and damage to the Undersigned(s) in the amount no less than $109,000.00.

You will by your dishonor and default, fail to state a claim upon which relief can be granted and your silence or refusal to provide Proof of Claim equates to your stipulation of the above facts as they operate in favor of the Undersigned and you waive all right to defend yourself and will be estopped in any defense to the matter. **You're Default and dishonor becomes the bargaining chip of the parties, your default, by the Rule of Acquiescence and through your AGREEMENT will establish the agreement AND this becomes the <u>Security Agreement</u>.**

**This document becomes the Security Agreement if default and dishonor occurs.** Therein, presumption will be taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that you; Anthony Coscia, chairman, Jeffrey Moreland, vice-chairman, <u>Richard H. Anderson</u>, CEO and President are giving and will be giving permission for a lien to filed against you and your company for the total value of damages incurred against the undersigned ($109,000.00) , if you are unable to re-pay, pay-off or settle this matter and fully pay said damages and reimbursement's; You are giving permission for a lien and suit to be filed against you, as per your agreements and confessions to your acts and damages caused by same.

**AS PER THE AFFIDAVIT OF DEFAULT:** YOU ARE IN FULL AGREEMENT; Therein, presumption IS taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that your company Amtrax and you as its representatives have given permission for a lien to filed against you as representatives, your company and any assets or valuables owned by you and your company, for the value of said negligent actions on your own and your companies part, your misrepresented acts, injury, default and dishonor... for damages that incurred $109,000.00 and on going; ...and based upon the above facts and injuries as stipulated, admitted and confessed to by AMTRAX, agents and assigns, represtatives etc., punitive damages are set at $109,000.00 x 204 (pursuant to **Cleopatra Haslip vs. Pacific Mutual Life Insurance, Inc**.) comes to $22,236,000.00 and added to the SUM CERTAIN total comes to $22,236,000.00 (Twenty-two Million, two-hundred thirty-six thousand dollars and no cents) in USD and/or money of account and is ongoing as medical bills continue and otherwise; **THIS Default and dishonor becomes the bargaining chip of the parties, your default, by the Rule of Acquiescence and through your AGREEMENT has and does establish the agreement AND this becomes the <u>Security Agreement</u>. This document becomes the Security Agreement due to default and dishonor.**

Please respond in writing as we are very eager to resolve this matter, start settling the ongoing medical bills, issues and otherwise.

Thank you in advance for your prompt attention into this matter.

Dated: 10/7/2019

*Mayze Daniels*

**Mayze Daniels**

*Darrell Parodi*

**Darrell Parodi**

**ATTACHMENTS:**

**INITIAL CAFV, REQUEST FOR "PROOF OF CLAIM"**
**72 HOUR NOTICE OF FAULT OPPORTUNITY TO CURE**
**AFFIDAVIT OF DEFAULT**
**CERTIFICATE OF NON RESPONSE**

--------------------------------------------------------------------------------

## SECOND INVOICE

**AS PER;**

DOC. No.: 3172019 dated May 21 2019-10-07

An Estimated One Hundred and Nine Thousand Dollar ($109,000.00) in damages was listed for each Claimant.

$109,000.00 X 2 = $218,000.00 TOTAL AMOUNT DUE AND OWING $218,000.00
MEDICAL BILLS ARE ONGOING
DAMAGE TO ARM IS UNCERTAIN AND PERMANENT

## RESPONDENTS HAVE ENTERED INTO DEFAULT
## THIS IS A NOTICE OF LIEN

IF DAMAGES ARE NOT MET/PAYMENT MADE A LIEN WILL BE FILED IN THE STATE OF WASHINGTON FOR AMOUNT OWED PURSUANT TO: damages that incurred $109,000.00 and on going; ...and based upon the above facts and injuries as stipulated, admitted and confessed to by AMTRAX, agents and assigns, represtatives etc., punitive damages are set at $109,000.00 x 204 (pursuant to **Cleopatra Haslip vs. Pacific Mutual Life Insurance, Inc.**) comes to $22,236,000.00 and added to the SUM CERTAIN total comes to $22,236,000.00 (Twenty-two Million, two-hundred thirty-six thousand dollars and no cents) in USD and/or money of account and is ongoing as medical bills continue and otherwise;

PRIVATE ADMINISTRATIVE PROCESS
PROOF OF CLAIM

Memorandum of Record
DOC. No.: 3172019

From:  Darrell Parodi
        and
        Mayze Daniels
        112 Agape
        Orofino Idaho 83544

        Each Party is represented in their individual capacity; this document represents to separate individuals claims;


To: **Amtrak Corporate Office | Headquarters**

    **50 Massachusetts Av.** Washington, DC 20002
    Phone: **(202)906-3000**
    Website: **www.amtrak.com**
    **Email:**

    ATTENTION:   Anthony Coscia, Chairman

                  Jeffrey Moreland, Vice-Chairman

                  Richard H. Anderson, CEO and President

Phone Number: (202) 906-3001
Fax Number: (202) 906-2493
Website: http://www.amtrak.com
Email:


Date: May 21, 2019

Subject:     INDEPENDANT PRIVATE ADMINISTRATIVE PROCESS/ CONDITIONAL
               ACCEPTANCE FOR VALUE AND OPPORTUNITY TO BRING FORTH THE
               EVIDENCE TO SUPPORT CLAIM

NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND NOTICE TO AGENT IS NOTICE TO PRINCIPAL.


In Re:  NEGLIGENCE, Punative/Monetary Damages

RESERVATION No.: 4EF547/ ONE WAY

FROM SEATTLE (King St Station) TO LOSANGELES

TRAIN 11 ONE FAMILY BEDROOM CAR 1131 ROOM 015 / 5 Passengers

Dear Sirs,

On March 12, 2019 a family of five began their long awaited, two week family vacation and started out with their First Time Experience on a Train Adventure and chose AMTRAX, after all the Amtrax Mission is to "deliver transportation with superior safety, customer service and excellence!"

According to the Federal Railroad Administration (FRA), every year there are thousands of train accidents due to negligence. These Injuries may occur when train companies fail to protect their employees or the public and their riders adequately.

At Amtrax you claim that your vision as a company : Moving America where it wants to go.

This Vision Statement communicates what you aspire to do as a company and state that the experience will be in a concise and memorable way. When considered from different angles, this seven-word phrase communicates many different things about Amtrak and your purpose; it goes on to say,

- We serve the United States of America, its people and its guests.
- Our job is to connect the communities and economies that comprise our nation.
- We are not just a railroad; we are a company that moves people.
- Amtrak responds to the market – as a business we must offer services that are in-demand and for which customers are willing to pay.

**Amtrak Mission: Delivering intercity transportation with superior safety, customer service and financial excellence.**

You claim that your Mission Statement clarifies how you will achieve your Vision. As a company and as individual employees, your job is to provide safe transportation in a manner that improves your company's financial security while ensuring that your customers have a consistent, high-quality travel experience.

If an injury occurred because the railroad company failed to provide adequate training, equipment, safety conditions, or other steps, the company may be held liable for failing to keep its employees or the public safe. This is called negligence. This is your opportunity to prove that the railroad company DID NOT FAIL to do something it should have done which DID cause injury, and damages to the 4 passengers that used the above named boarding pass.

Examples of Negligence

- Failing to establish a safe traveling environment
- Using improper equipment
- Failing to provide adequate training to employees
- Not performing frequent inspections
- Improperly maintaining trains or equipment
- Failing to properly mark or maintain a railroad cars
- Cross over with employees, creating a dangerous work environment wherein the Conductors are unaware of the last conductors present actions or the trains situation(s).
- Failing to maintain a safe travel cart for a family of four

Train companies have an obligation to keep their passengers safe and protect them from unnecessary risks that could cause injury.

A Railroad Company has a *higher* Duty of Care to their passengers to keep them safe.

This correspondence is to address specific issues and damages, while we work towards holding the negligent company and individuals accountable for their negligence. We want to resolve this matter as soon as possible and want to ensure that the damaged parties receive fair compensation for their claim(s).

It stands to reason that safety, along with basic customer service, could easily fall through the cracks in such a non-competitive system.

Amtrak (formally known as the National Railroad Passenger Corporation) is a government-owned corporation that residents and riders of this area expect will ensure that appropriate safety standards are met.
When Amtrak engineers do not follow safety procedures, and when proper safety mechanisms are not put in place, passengers, crew members, and people in a train can get injured.

This correspondence on his behalf of the four passengers named above, as it pertains to their rights and interests, commercially and personally.

It is a matter of importance, that certain legal issues and liabilities are settled. Acts and actions and lack thereof have resulted in both personal, private and commercial/monetary damages to the above named four passengers. These are the responsibilities and liabilities in question, which must be addressed and resolved.

The undersigned on behalf of the four named passengers want to settle this matter as soon as possible, as such this correspondence and process has been put in place, witnessed and initiated

against you and your company.

The undersigned(s) fully agree to settle this controversy and not press charges if your company will compensate, reimburse, make whole and renew what they have lost in its entirety at an estimated amount of $ 109,000.00 and we want to resolve this matter as soon as possible; as such, I conditionally accept for value said presentment off settlement with reimbursement and I agree to do so, predicated upon you providing 'Proof of Claim' in behalf of AMTRAX that there's no fraud or deception on the contract, nor Negligence and Damages.

Failure or refusal by Anthony Coscia, chairman, Jeffrey Moreland, vice-chairman, Richard H. Anderson, CEO and President, any Agent or Assign, in behalf of AMTRAX and/or through any of its employees to provide the requested Proofs of Claim will constitute 'your' dishonor and default with admission and confession of fraud/Deception/misrepresentations on the contract, Negligence causing injury and harm.


If you remain silent, you will by your dishonor and default, fail to state a claim upon which relief can be granted and your silence or refusal to provide Proof of Claim equates to your stipulation of the below facts as they operate in favor of the Undersigned(s) and you will be in agreement that you waive all right to defend and/or AMTRAX is estopped in any defense to the matter.

Please read through each and every presentment below, bring forth your evidence and provide proof of each and every one of your claims to be adjudicated.

The necessary Proofs of Claim are set our below, to wit:

1. PROOF OF CLAIM That amtrax conductor and crew was not aware of a defect with cart 11 during a stop in Seattle Washington on March 12, 2019;
2. PROOF OF CLAIM that the conductor did not have knowledge and prior knowledge of an issue with cart 11 while disconnecting the electric to said cart and running said cart on battery for the following transport;
3. PROOF OF CLAIM that Amtrax its crew and conductor did not have, had knowledge that Family Car 11 was not transporting a family in a car only run on battery due to faulty mechanics in said car;

4. PROOF OF CLAIM that Amtrax employees did not know the heaters had been disconnected in family cart 11 due to faulty mechanics;

5. PROOF OF CLAIM that the family of 5 in car 11 were not denied full disclosure as to the condition of their purchased family car;

6. POOF OF CLAIM that the family of five was not denied full disclosure as to the conditions of their car wherein leaving them without heat for the entire travel experience;

7. PROOF OF CLAIM the Amtrax employees and crew did not fail, neglect or refuse in giving the family of five full disclosure when they purchased their tickets that their 3 children would only be offered hotdogs for the entire trip, paid for a car without heat, purchased 5 tickets for a faulty car with electrical problems etc.;

8. PROOF OF CLAIM that the conductor and Amtrax staff did not fail to give full assistance when the undersigned asked for help in his family car;

9. PROOF OF CLAIM that the Conductor did not respond by yelling, " What do you want me to do? Its 3AM I cant do nothing about it! " to the passenger when he said something was on fire in his room;

10. PROOF OF CLAIM that the conductor was not unaware of the defect in the electrical system when he turned on the floor heater in car No.11 and popped a circuit causing a fire;

11. PROOF OF CLAIM that Amtrax employees did not fail nor neglect to lend aid when the passengers car caught on fire due to the negligence of the staff;

12. PROOF OF CLAIM the passenger Darrell Parodi did not have surgery on his left bicep tendon two days prior to boarding said Amtrax;

13. PROOF OF CLAIM that Darrell Parodi was not left without aid or help when he requested aid and help due to fire in his car and left to evacuate his family car himself;

14. PROOF OF CLAIM that due to lack of help, Darrell Parodi did not evacuate his own family and attempt to pull luggage and contents by himself with a sling on his left arm;

15. PROOF OF CLAIM that Darrell Parodi did not suffer further damage and injury to his left bicep and arm due to failure, neglect and or refusal of help and aid by Amtrax staff agents and employees;

16. PROOF OF CLAIM that entire contents of family car No 11 was not sprayed and covered in Fire retardant;

17. PROOF OF CLIAM that the undersigned(s) entire luggage and clothes were not damaged and covered in fire retardant;

18. PROOF OF CLAIM that the family of five traveling with a baby did not have their entire belongings damaged or effected by the fire in their car;

19. PROOF OF CLAIM that the damage to the contents in their room which includes: Luggage, clothes, electronic(s) and belongings, is not estimated at a value of no less than $17,000.00 (see attachment);

20. PROOF OF CLAIM that the passengers entire luggage was not completely ruined due to smoke and fire retardant leaving the passengers to arrive at their destination without any available clothes;

21. PROOF OF CLIAM that Amtrax did not fail nor neglect to offer reimbursement or compensation for the loss of their luggage and ability to dress themselves upon exiting the train;

22. PROOF OF CLAIM that the passengers were not responsible for their rental car being late due to the train fire causing a delay and forcing the undersigned to pay extra monies in late fees.

23. PROOF OF CLAIM that the undersigned did not endure a hardship when having to pay extra for the rental car and having to replace their clothes and belongings due to the train fire;

24. PROOF OF CLAIM that the Darrell Parodi did not endure a break on his right hand due to trying to evacuate his families train cart by himself with his left arm in a sling due to recent surgery;

25. PROOF OF CLAIM that Darrell Parodi did not suffer from loss of work due to his injuries causing loss of income due to the additional injury to his bicep surgery and addition break in the other hand leaving him unable to work and or return to school at the Idaho State University, which threatened the loss of his GI Bill and grades;

26. PROOF OF CLAIM Darrell Parodi did not have loss on income due to extended injuries caused from the Amtrax fire causing him to lose no less than $8000.00 (eight thousand dollars) in wages;

27. PROOF OF CLAIM, Darrell Parodi did not endure additional medical costs due to additional injuries cause by Amtrax fire and negligence with bills ongoing;

28. PROOF OF CLAIM that respondent is not in agreement that damages are owed to the undersigned(s) ;

29. PROOF OF CLAIM that Mayze Daniels and Darrell Parodi are not due and owed compensation from Amtrax for their damages and injuries;

Please respond promptly or by the rule of acquiescence, you will be in FULL AGREEMENT; Therein, presumption will also be taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that your company Amtrax and you as its representatives are giving permission for a lien to filed against you, your company and any assets or valuables owned by you, for the value of said negligent actions on your companies part, your misrepresented acts, injury, default and dishonor… for damages if incurred.

Due to the nature of this matter/action, you are to respond within 21 days by return mail, certified, to the Undersigned and a copy to the Third Party or Notary as addressed below.

Failure or refusal by you and your company, to provide the requested Proofs of Claim and failure to bring forth the evidence to support your position, will constitute 'your' dishonor and default with admission and confession of negligence and misrepresentations in your actions and that you failed to give full disclosure of same; therein causing injury and damage to the Undersigned(s) in the amount no less than $109,000.00.

You will by your dishonor and default, fail to state a claim upon which relief can be granted and your silence or refusal to provide Proof of Claim equates to your stipulation of the above facts as they operate in favor of the Undersigned and you waive all right to defend yourself and will be estopped in any defense to the matter. **You're Default and dishonor becomes the bargaining chip of the parties, your default, by the Rule of Acquiescence and through your AGREEMENT will establish the agreement AND this becomes the <u>Security Agreement</u>.**

**This document becomes the Security Agreement if default and dishonor occurs.**

Therein, presumption will be taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that you; Anthony Coscia, chairman, Jeffrey Moreland, vice-chairman, <u>Richard H. Anderson</u>, CEO and President are giving and will be giving permission for a lien to filed against you and your company for the total value of damages incurred against the undersigned ($109,000.00) , if you are unable to re-pay, pay-off or settle this matter and fully pay said damages and reimbursement's;

You are giving permission for a lien and suit to be filed against you, as per your agreements and confessions to your acts and damages caused by same.

Thanking you in advance for your time in this matter, I remain
Sincerely,

Darrell Parodi and Mayze Daniels
ADDRESS:

And Notary as a Third Party Witnessed
Address:

May 21, 2019

_____
Darrell Parodi

_____
Mayze Daniels

Third party or Notary's address:

## ACKNOWLEDGEMENT

As a Notary Public for said County and State, I do hereby certify that on this 24ᵗʰ day of
_____May_____ 2019 Darrell Parodi and Mayze Daniels  appeared before me and
executed the foregoing. Witness my hand and seal:

_____ Seal;
Notary Public

My Commission expires _8-23-22_

## CERTIFICATE OF MAILING

I hereby certify that on **May** 24th, **2019** a true and accurate copy and or original was placed in the US MAIL # _____

EMAIL: this communication is also being "cc" via email

To:    **Amtrak Corporate Office | Headquarters**

   **50 Massachusetts Av.** Washington, DC 20002
   Phone: **(202)906-3000**
   Website: **www.amtrak.com**

   **Email:**

   ATTENTION:    Anthony Coscia, chairman

            Jeffrey Moreland, vice-chairman

            Richard H. Anderson, CEO and President

Or BY:

_Mayze Daniels_
Mayze Daniels

## ATTACHED ITMIZATION

## ARTICLES/PROPERTY LEFT IN TRAIN CART

**TOTAL LOSSES OF PERSONAL PROPERTY**              **$17740**

        **SPRAYED INSIDE ROOM**            **$6800**

*Jackets/Sweatshirts*                                    $590

    -Youth Hurley sweatshirt                          $40

    -Youth Under Armor jacket                         $60

    -Adult Helly Hanson jacket                        $325

    -Adult Grass Roots sweatshirt                     $165

*Bag of kids' electronics/ books/ toys*        $5105

    -Nike Backpack                                    $60

    -Two (2) Nintendo switches with games             $1000

    -tablet                                           $500

    -laptop                                           $1800

    -Nikon underwater camera                          $185

    -Four (4) Patriot chargers                        $800

    -Two (2) Rubix cubes                              $60

    -Three (3) Dork Diary Books                       $90

    -Two (2) Wings of Fire Books                      $40

    -Go Pro 7 Black with accessories                  $500

    - Miscellaneous puzzles, games, coloring supplies  $70

*OSPREY Child Carrier (black) ($250)*          $505

    -2 pairs of shoes                                 $180

    -Baby Quilt                                       $40

    -Hurley hat                                       $35

*YETI (Hopper Two30) Cooler ($300)*          $400

    -Snack and food for kids LEAVING THEM HUNGRY      $100

*Tactical Brand diaper bag ($100)*           $200

    -pacifiers, bibs diapers, bottles etc..           $100

**Left in Smoked filled car**                  **$10940**

*OSPREY backpack ($270)*                    $2370

| | |
|---|---|
| -Clothes for a 36 year old male for 2 week | $2000 |
| -toiletries | $100 |

*OSPREY backpack ($175)*                    *$1685*

| | |
|---|---|
| -Clothes for an 12 year old girl for 2 weeks | $1500 |
| -Toiletries | $30 |

*OSPREY backpack ($175)*                    *$1685*

| | |
|---|---|
| -Clothes for an 11 year old boy for 2 weeks | $1500 |
| -Toiletries | $30 |

*Samsonite Suitcase ($400)*                    *$1700*

| | |
|---|---|
| -Clothes and all necessities for 6 month old baby | $1200 |
| -toiletries | $100 |

*Samsonite Suitcase ($400)*                    *$3500*

| | |
|---|---|
| -Clothes for Mom and all necessities | $2800 |
| -Toiletries | $300 |

**MEMORANDUM IN SUPPORT**

**OF *PRIVATE ADMISTRATIVE PROCESS***

**AKA; CONDITIONAL ACCEPTANCE FOR VALUE**

**FOR PROOF OF CLAIM (CAFV) with**

**NOTICE OF ADMISTRATIVE REMEDY POINTS AND AUTHORITIES**

Non-negotiable – Private between the parties

**Conditions of Notice via CAFV;**

A. Undersigned desires to settle this matter via good faith via acceptance and to satisfy any obligation established or indicated by any order, claim, charges or presentment from **the senders (Parodi and Daniels),** by agreement predicated and conditioned upon proof of claim (discovery & evidence).

B. The use of any Notary by Claimant is to 'keep the record', 'acknowledge' the signature of the undersigned and testify to the veracity of the same in any court where necessary and may utilize Notarial protests as needed.

**Claimant;** is the living natural man, and natural woman, not a corporation(s):

1. "Rights existed long antecedent to the organization of the State…" Hale v. Henkle 201 u.s. 43 @ pg. 74 (1905).
2. Has the right to exercise 'private administrative process' for resolution before utilizing the courts as necessary.
3. Has the personal knowledge of the facts of the matter and are contained in affidavit form duly notarized.
4. Initiates process and contact in Good Faith, with Clean Hands and Fair Dealing implied in administrative or law.
5. Has 'expectation' of same from all parties in this action and or representatives of AMTRAX RAILROAD.
6. Has 'expectation' that AMTRAX REPRESENTATIVES will act fairly and honestly in good faith, with clean hands and without intent to cheat, hinder, delay, defraud, lie, coerce, use undue influence, threaten, or any other miss-use.

**Respondent(s)** to this 'private administrative process' (CAFV) is to:

1. Substantiate the validity and the accuracy of the presentment or otherwise;
2. Produce evidence that  injury and damages were caused;
3. Produce reimbursement and compensation for the sender(s);
4. Operate with 'Good faith', 'Clean Hands', 'Fair Business Dealings';
5. Provide 'Full disclosure' at all times, and
6. Conduct matter under the principles of the American Jurisprudence and Law;
7. Disclose whether the instant matter is a proceeding between private people;
8. Disclose whether the instant matter is not a vindictive act without merit.
9. Act in a manner so as not to cheat, hinder, delay or defraud the senders  in any manner;
10. Or where Respondent(s) is/are a 'private' man; within the context above, validate the claim, acts or otherwise as to show actions, statements were proper, lawful and correct and that Respondents actions were not negligent/injurious in any capacity.

**Requirement(s) of Respondent(s):**

1. After review of the presentment, evidence, affidavits, this correspondence etc.,
   AMTRAX EMPLOYEES AND REPRESENTATIVES, have/has the opportunity to
   compensate and reimburse the undersigned
2. Provide 'Proof of Claim(s)' as attached hereto.
3. Otherwise Respondent understands and agrees that a non-response, silence and/or
   refusal to provide 'Proof of Claim(s) constitutes 'full agreement' to all the facts as
   they operate in favor of the Claimant and Respondent and it's Principal(s) are in
   agreement for necessary means by lien or otherwise to repay these damages if
   payment is not available. And where no controversy exists a suit can be filed for aid in
   collecting damages owed.

//

# NOTICE OF ADMINISTRATIVE REMEDY

## POINTS AND AUTHORITIES:

1. Undersigned Claimant hereby is herein exhausting their administrative remedies, to
determine the nature and cause of the incident, matter, injuries, hardships, claims, commercial
matter, monetary assessment described therein or otherwise.

2. As an operation of Law, undersigned Claimant is required to exhaust their
administrative remedies before they may bring any judicial action for remedy or relief, if such is
warranted by the result of the administrative process, via agreement, stipulation or confession.

3. For reference, the principles that arise from the Administrative Procedures Act
(APA), Title 5 United States Code, State and Federal Constitution requirements "operate upon
[all] agents/employees of [companies], corporations [government corporations]."

4. The APA establishes fairly liberal standards for allowing participation by persons who
either have a personal interest in the outcome of the proceeding or represent a pertinent public
interest, Title 5 U.S.C. 703.

5.  Under the authority of the Administrative Procedure Act at 5 U.S.C. 556 'D', BURDEN OF PROOF, "**the proponent of a rule or order bears the burden of proof**." The Supreme Court has stated that if any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." For reference, see <u>Louisville RR v. Motley</u>, 211 US 149, S. Ct. 42.  Claimants are relying upon the same measures and enforcing the same requirements in exhausting the administrative process as to Proof of WRONG DOING, INJURIES, LIABILITY, NEGLIGENCE, DAMAGES, LOSS OF EMPLOYMENT, LOSS OF SCHOOL, LOSS OF PROPERTY ETC. , *or otherwise* as applied to the inquires attached hereto.

6.  Claimant initiates this Private Independent International Administrative Process under the principal of contract which operates upon the private to be a fact finder.

7.  Claimant fully understands that it is not the intent of the Respondent(s) to mislead or otherwise defraud, deceive, or withhold any evidence as applied to the inquiries and requested documents herein, and herein Claimants rests upon Respondent(s) 'Good Faith' and 'Clean Hands Doctrine' and duty to so respond.

8.  Claimant has an expectation of 'Good Faith' on the part of the Respondent(s) as Agent(s)/employee(s) on behalf of 'companies, corporations, government corporations or officers and judges of the court to answer the inquiries, to give proof, to produce requested documents and evidence.

9.  Claimant is acting in a private capacity as a fact finder within the undersigned's private administrative process to secure a preponderance of 'proof', 'evidence' or otherwise, where facts asserted [or admitted] are more probably more true than false.  In said case; proceedings must be "of a type commonly relied upon by reasonably prudent men in [the] conduct of their serious affairs." Therein, Respondent(s) have a 'good faith' duty to respond and answer the inquiries and or provide requested Proofs of Claim.

10. The response(s), or assent(s), or failure or refusal to provide and produce the requested 'evidence' in the absence of response will provide the undersigned a means to determine the nature and cause of the Respondent's actions and documents up to and including default.

11. However, "Silence can only equate with Fraud where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading." (<u>U.S. V. Prudden,</u> 424 F. 2d 1021 (1070).

12. As with any administrative process, Respondent(s) may controvert the statements

and/or claims made by Petitioner(s) by executing and delivering a verified response point by point, with evidence in support or stipulate that no 'document or exhibit exists in the record, or no 'Proof of Claim' exists… on said point by point basis.  Respondent(s) may agree and admit to all statements and claims made by Petitioner by TACIT PROCURATION by simply remaining silent.  Silence equates to agreement.

13.  In the event Respondent(s) admit the statement and claims by TACIT PROCURATION, all issues are deemed settled STARE DECISIS, and Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative, judicial, or commercial.

14.  Respondent(s) are granted a minimum ten days (10) days or up to 30 days if specifically specified… and are to respond to the requests for "Proof(s) of Claim", 'statements', 'questions' and 'charges', or otherwise… herein and/or to provide Respondent(s)' own answers to inquiries.

Dated this 24th day of May , 2019

/S/ Maggie L Daniels



 eTicket

PRESENT THIS DOCUMENT FOR BOARDING

RESERVATION NUMBER 4EF547

RES# 4EF547-01MAR19 

# SEA ➤ LAX    One-Way

SEATTLE, WA    LOS ANGELES-UNION STA,    MARCH 12, 2019

| TRAIN 11 | COAST STARLIGHT Mar 12, 2019 | SEATTLE (KING STREET STATION) - LOS ANGELES 1 Family Bedroom \| Car 1131 - Room 015 | DEPARTS 9:45 AM | ARRIVES (Wed Mar 13) 9:00 PM |
|---|---|---|---|---|

| PASSENGERS (4) | | AMTRAK GUEST REWARDS |
|---|---|---|
| PARODI, DARRELL | ADULT | No member number provided. Join at Amtrak.com |
| DANIELS, MAYZE | ADULT | No member number provided. Join at Amtrak.com |
| | CHILD | No member number provided. Join at Amtrak.com |
| S | CHILD | No member number provided. Join at Amtrak.com |

**Proper identification is required for all passengers.** This document is valid for only passengers listed. See www.amtrak.com/ID for details.

## IMPORTANT INFORMATION

• CHILD FARE                                    • CHILD FARE

- For passenger safety the boarding gate at Seattle King Street Station will close five minutes prior to train departure time.
- eTickets for <u>Reserved</u> services are valid only for the specific train number, date and accommodation type booked.
- When should you arrive at the station? Check the recommended arrival times for your departure station at <u>Amtrak.com/stations</u>. Allow additional time if you require ticketing/baggage services or boarding assistance, or if you are boarding at a Canadian station.
- Tickets are non-transferable. They are valid only for the personal use of the passenger(s) named on the ticket.
- For Amtrak travel information, or to make adjustments to your travel plans, please visit <u>Amtrak.com</u>, or call 1-800-USA-RAIL (1-800-872-7245).
- Your printed eTicket travel document shows the services you booked. If you change your booking but do not reprint the document, it will not reflect your current itinerary. You may obtain an updated copy of your eTicket at Amtrak.com. At some stations, a gate agent may need to view your eTicket prior to boarding (learn more at <u>Amtrak.com/boarding</u>).
- Changes to your itinerary may affect your fare. Refund and exchange restrictions and penalties for failure to cancel unwanted travel may apply. For more information please visit <u>Amtrak.com/changes</u>.
- Carry-on baggage is limited to 2 personal items, 14x11x7" / 25lbs per item, and 2 bags, 28x22x14" / 50lbs per bag, per passenger. **You may be charged a baggage fee or denied boarding if your items exceed these limitations.** See the baggage policy at <u>Amtrak.com/baggage</u>.
- Check the departure board or ask a uniformed Amtrak employee to find out where to board your train.
- **If You See Something Say Something!** Contact Amtrak Police at 1-800-331-0008 or Text to APD11 (27311).





ATTACHMENT THREE

AFFIDAVIT OF DEFAULT
+
AGREEMENT


ATTACHMENT FOUR

NOTICE OF FAULT
OPT TO CURE
AFFIDAVIT OF NONRESPONSE

Account #
Document Date                                    07/10/2019
Responsible Party                          Darrell B Parodi
**Minimum Payment**                              **$7525.39**
**Due Date**                                     **07/30/2019**

# STATEMENT

**Darrell B Parodi**
$7525.39          **Further Action Required**
$0.00          Insurance is requesting additional information from you
$0.00          and will not process claims until this information is
$0.00          received. As of now, the balance is your responsibility.
$0.00
**$7525.39**

**$7525.39**

?019

of service will              **Payment and Other Information**
:ctions.
     To pay online visit **www.catalystmedicalgroup.com**
Additional payment methods include mail and
over the phone.

     If you need to speak with Patient Services, please
call **208-750-4513** 8AM - 5:00PM, Mon - Fri.

| Amount Due | Due Date | Amount Paid |
|---|---|---|
| $7525.39 | 7/30/2019 | $ |

# PRIVATE ADMINISTRATIVE PROCESS

## AFFIDAVIT OF DEFAULT

Memorandum of Record
DOC. No.: 3172019-3-Default

From:
Darrell Parodi and Mayze Daniels et al., 112 Agape, Orofino Idaho 83544

Each Party is represented in their individual capacity; this document represents two
separate individuals claims;

## To: Amtrak Corporate Office | Headquarters

## 50 Massachusetts Av. Washington, DC 20002
## Phone: (202)906-3000

ATTENTION: Anthony Coscia, Chairman, Jeffrey Moreland, Vice-Chairman and Richard H.
Anderson, CEO and President

Phone Number: (202) 906-3001
Fax Number: (202) 906-2493

Date: August 23, 2019

INDEPENDANT PRIVATE ADMINISTRATIVE PROCESS/ CONDITIONAL

ACCEPTANCE FOR VALUE AND OPPORTUNITY TO BRING FORTH THE EVIDENCE

TO SUPPORT RELEASE OF LIABILITY AND ANY CLAIM THEREOF

NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND NOTICE TO AGENT IS NOTICE TO PRINCIPAL

In Re:  NEGLIGENCE, Punative/Monetary Damages

RESERVATION No.: 4EF547/ ONE WAY

FROM SEATTLE (King St Station) TO LOSANGELES

TRAIN 11 ONE FAMILY BEDROOM CAR 1131 ROOM 015 / 5 Passengers

# AFFIDAVIT OF NOTICE OF DEFAULT

State of Idaho                                    )

                                               ) Scilicet

Clearwater County                              )

"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982

I, <u>Darrell Parodi</u>, herein 'Affiant," having been duly sworn, declares that by affidavit that of the non-response of the Respondents/parties to the contract entitled: PRIVATE ADMINISTRATIVE PROCESS PROOF OF CLAIM; Memorandum of Record. DOC. No.: 3172019 CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM (CAFV), hereinafter, are in full agreement regarding the following;

I, <u>Mayze Daniels</u>, herein 'Affiant," having been duly sworn, declares that by affidavit that of the non-response of the Respondents/parties to the contract entitled: PRIVATE INDEPENDENT ADMINISTRATIVE PROCESS I.E., PROOF OF CLAIM; Memorandum of Record. DOC. No.: 3172019; CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM (CAFV), hereinafter, are in full agreement regarding the following;

**Amtrak MissiDelivering intercity transportation with superior safety, customer service and financial excellence.**

**AMTRAX DID NOT BRING FORTH EVIDENCE NOR PROOF TO SUPPORT RELEASE OF LIABILITY NOR OBLIGATION TO REIMBURSE, MAKE WHOLE AND GIVE RESTITUTION TO THE UNDERSIGNED AS AMTRAX HAS AGREED FAILURE TO DELIVER TRANSPORTATION WITH SUPERIOR SAFETY AND CUSTOMER SERVICE BY AND THROUGH NEGLIGENCE CAUSING DAMAGES AND HARM TO THE UNDERSIGNED AS WELL AS THEIR 3 UNDERAGE CHILDREN, THEIR CRAGO, THEIR EMPLOYMENT , WHICH INCLUDES BUT IS NOT LIMITED TO PERSONALLY AND COMMERCIALLY;**

Injury occurred because the railroad company AMTRAX failed to provide adequate training, equipment, safety conditions, and or other steps; the company is now held liable for failing to keep the above named, safe. This is called negligence. AMTRAX through its representatives, agents and assigns did fail, neglect and or refuse to the opportunity given; AMTRAX DID FAIL NEGLECT AND OR REFUSE to do something it should have done which DID CAUSE INJURY DAMAGES AND LOSS, commercially and otherwise to the 5 passengers that used the

above named boarding pass.

The above named Affiant(s) are competent to state the matters included in their declaration, both Darrell Parodi and Mayze Daniels have first hand knowledge of the facts, and declared that to the best of their knowledge, the statements made in THIS affidavit are true, correct, and not meant to mislead;

1. THAT, Respondent(s), Anthony Coscia, Chairman, Jeffrey Moreland, Vice-Chairman and Richard H. Anderson, CEO, Agents and Assigns, ETC., are herein addressed not only in their private capacity, but in their public capacity as Assigned Agent(s) of AMTRAX INC., and is participating in a commercial enterprise with their co-business partners (or employees), including but not limited to the STATE OF CALIFORNIA/UNITED STATES/United states, hereinafter collectively referred to as "Respondent."

3. THAT, on May 21, 2019, the above named Affiant(s) sent a CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM (document for discovery) to the Respondent requesting proof of claim as to several actions and non actions that DID cause injury, loss and harm to the undersign(s); These injuries have caused commercial, personal and private damages to the undersign(s); The request for evidence included and was not limited to the Negligence, failure and pre-knowledge of AMTAX and its staff, injury, damages of personal property, loss of funds, hardship, and other matters in regards to the request for Proof of Claim, and for other various proofs of claim to support a valid lawful release of liability and restitution;

4. THAT, Respondent had 21 days to respond with proof of claim, point for point, however elected to remain silent or otherwise refused to provide said proof of claim(s) and therefore has failed to state a claim upon which relief can be granted and has agreed and stipulated to the facts that they operate in favor of the undersign(s);

5. THAT, the governing law of this private contract is the agreement of the parties supported by the Uniform Commercial Code/Contracts/ the Law Merchant and applicable maxims of law;

AMTRAX HAS AGREED AND IS IN AGREEMENT AS TO ALL OF THE FOLLOWING FORMS OF NEGLIGENCE:

- Failing to establish a safe traveling environment
- Using improper equipment
- Failing to provide adequate training to employees
- Not performing frequent inspections
- Improperly maintaining trains or equipment
- Failing to properly mark or maintain  railroad cars
- Cross over with employees, creating a dangerous work environment wherein the   Conductors are unaware of the last conductors present actions or the trains situation(s).
- Failing to maintain a safe travel cart for a family of five

AMTRAX FAILED AND OR NEGLECTED TO MAINTAIN THEIR OBLIGATION TO KEEP THE UNDERSIGNED PASSENGERS SAFE AND PROTECT THEM FROM UNNECESSARY RISKS THAT DID CAUSE INJURY HARM AND AMAGES;

AMTRAX FAILED its *higher* Duty of Care to their passengers to keep them safe.

YOU HAVE AGREED: your company will compensate, reimburse, make whole and renew what they have lost in its entirety at an estimated amount of $ 109,000.00 and ongoing and YOU HAVE AGREED you are obligated due to your company and employee's Negligence and YOU HAVE AGREED to reimburse the Damages and loss;

AMTRAX remained silent, and by the dishonor and default of your company and representatives, failure to state a claim upon which relief can be granted and your silence or refusal to provide Proof of Claim equates to your stipulation of the below and above facts as they operate in favor of the Undersigned(s) and you are in agreement that you waive all right to defend and/or AMTRAX is estopped in any defense to the matter.

YOU ARE IN AGREEMENT OF THE FOLLOWING:

1. YOU AGREE that Amtrax conductor and crew were aware of a defect with cart 11 during a stop in Seattle Washington on March 12, 2019;

2. YOU AGREE that the conductor did have knowledge and prior knowledge of an issue with cart 11 while disconnecting the electric to said cart and running said cart on battery for the following transport;

3. YOU AGREE that Amtrax its crew and conductor did have, had knowledge that Family Car 11 was transporting a family in a car only run on battery due to faulty mechanics in said car;

4. YOU AGREE that Amtrax employees did know the heaters had been disconnected in family cart 11 due to faulty mechanics;

5. YOU AGREE that the family of 5 in car 11 were denied full disclosure as to the condition of their purchased family car;

6. YOU AGREE that the family of five was denied full disclosure as to the conditions of their car wherein leaving them without heat for the entire travel experience;

7. YOU AGREE the Amtrax employees and crew did fail, neglect and or refuse in giving the family of five full disclosure when they purchased their tickets that their 3 children would only be offered hotdogs for the entire trip, paid for a car without heat, purchased 5 tickets for a faulty car with electrical problems etc.;

8. YOU AGREE that the conductor and Amtrax staff did fail to give full assistance when the undersigned asked for help in his family car;

9. YOU AGREE that the Conductor did respond by yelling, " What do you want me to do? Its 3AM I cant do nothing about it! " to the passenger when he said something was on fire in his room;

10. YOU AGREE that the conductor was unaware of the defect in the electrical system when he turned on the floor heater in car No.11 and popped a circuit causing a fire;

11. YOU AGREE that Amtrax employees did fail and nor neglect to lend aid when the passengers car caught on fire due to the negligence of the staff;

12. YOU AGREE the passenger Darrell Parodi did have surgery on his left bicep tendon two days prior to boarding said Amtrax;

13. YOU AGREE that Darrell Parodi was left without aid or help when he requested aid and help due to fire in his car and left to evacuate his family car himself;

14. YOU AGREE that due to lack of help, Darrell Parodi did evacuate his own family and attempt to pull luggage and contents by himself with a sling on his left arm;

15. YOU AGREE that Darrell Parodi did suffer further damage(s) and injury(s) to his left bicep and arm due to failure, neglect and or refusal of help and aid by Amtrax staff agents and employees;

16. YOU AGREE that entire contents of family car No 11 was sprayed and covered in Fire retardant;

17. YOU AGREE that the undersigned(s) entire luggage and clothes were damaged and covered in fire retardant;

18. YOU AGREE that the family of five traveling with a baby did  have their entire belongings damaged or effected by the fire in their car;

19. YOU AGREE that the damage to the contents in their room which includes: Luggage, clothes, electronic(s) and belongings, is estimated at a value of no less than $17,000.00 (see attachment);

20. YOU AGREE that the passengers entire luggage was completely ruined due to smoke and fire retardant leaving the passengers to arrive at their destination without any available clothes;

21. YOU AGREE that Amtrax did fail and nor neglect to offer reimbursement or compensation for the loss of their luggage and ability to dress themselves upon exiting the train;

22. YOU AGREE that the passengers were responsible for their rental car being late due to the train fire causing a delay and forcing the undersign(s) to pay extra monies in late fees.

23. YOU AGREE that the undersign(s) did endure a hardship when having to pay extra for the rental car and having to replace their clothes and belongings due to the train fire;

24. YOU AGREE that Darrell Parodi did endure a break on his right hand due to trying to evacuate his families train cart by himself with his left arm in a sling due to recent surgery;

25. YOU AGREE that Darrell Parodi did suffer from loss of work due to his injuries causing loss of income due to the additional injury to his bicep surgery and addition break in the other hand leaving him unable to work and or return to school at the Idaho State College, which threatened the loss of his GI Bill;

26. YOU AGREE Darrell Parodi did have loss on income due to extended injuries caused from the Amtrax fire causing him to lose no less than $8000.00 (eight thousand dollars) in wages;

27. YOU AGREE Darrell Parodi did endure additional medical costs due to additional injuries cause by Amtrax fire and negligence with bills ongoing;

28. YOU AGREE that respondent is in agreement that damages are owed to the undersign(s)

29. YOU AGREE that Mayze Daniels and Darrell Parodi are due and owed compensation and restitution from Amtrax for their damages and injuries;

YOU ARE IN FULL AGREEMENT; Therein, presumption IS taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that your company Amtrax and you as its representatives have given permission for a lien to filed against you as representatives, your company and any assets or valuables owned by you and or your company, for the value of said negligent actions on your own and your companies part, your misrepresented acts, injury, default and dishonor... for damages that incurred $109,000.00 and on going; ...and based upon the above facts and injuries as stipulated, admitted and confessed to by AMTRAX, agents and assigns, represtatives etc., punitive damages are set at $109,000.00 x 204 (pursuant to **Cleopatra Haslip vs. Pacific Mutual Life Insurance, Inc**.) comes to $22,236,000.00 and added to the SUM CERTAIN total comes to $22,236,000.00 (Twenty-two Million, two-hundred thirty-six thousand dollars and no cents) in USD and/or money of account and is ongoing as medical bills continue and otherwise;

**THIS Default and dishonor becomes the bargaining chip of the parties, your default, by the Rule of Acquiescence and through your AGREEMENT has and does establish the agreement AND this becomes the <u>Security Agreement</u>.**

**This document becomes the Security Agreement due to default and dishonor.**

Dated this _28TH_ day of _August_, 2019

/S/ _____

Further Affiant sayth not.

NOTICE TO AGENT IS NOTICE TO PRINCIPAL

NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Dated this _28th_ day of _August_, 2019.

_____        _____
Darrell Parodi                 Mayze Daniels

NOTARTY/ **ACKNOWLEDGEMENT**

As a Notary Public for said County and State, I do hereby certify that on this *28th* day of

_August_ 2019 Darrell Parodi and Mayze Daniels appeared before me and

executed the foregoing. Witness my hand and seal:

Notary Public

My Commission expires   _8-23-22_

## CERTIFICATE OF MAILING

I hereby certify that on **August** _28th_, **2019** a true and accurate copy and or original was

placed in the US MAIL # *7004 2510 0002 7487 5879*

EMAIL: this communication is also being "cc" via email

To:  **Amtrak Corporate Office | Headquarters**

   **50 Massachusetts Av.** Washington, DC 20002
   Phone: **(202)906-3000**
   Website: **www.amtrak.com**

   **Email:**

   ATTENTION:   Anthony Coscia, chairman Jeffrey Moreland, vice-chairman

   <u>Richard H. Anderson</u>, CEO and President

   And   by   email

   Mayze Daniels

## **ATTACHED ITMIZATION**

## ARTICLES/PROPERTY LEFT IN TRAIN CART

## TOTAL LOSSES OF PERSONAL PROPERTY
$17740

| SPRAYED INSIDE ROOM | | $6800 |
|---|---|---|
| *Jackets/Sweatshirts* | *$590* | |
| -Youth Hurley sweatshirt | | $40 |
| -Youth Under Armor jacket | | $60 |
| -Adult Helly Hanson jacket | | $325 |
| -Adult Grass Roots sweatshirt | | $165 |
| *Bag of kids' electronics/ books/ toys* | *$5105* | |
| -Nike Backpack | | $60 |
| -Two (2) Nintendo switches with games | | $1000 |
| -tablet | | $500 |
| -laptop | | $1800 |
| -Nikon underwater camera | | $185 |
| -Four (4) Patriot chargers | | $800 |
| -Two (2) Rubix cubes | | $60 |
| -Three (3) Dork Diary Books | | $90 |
| -Two (2) Wings of Fire Books | | $40 |
| -Go Pro 7 Black with accessories | | $500 |
| - Miscellaneous puzzles, games, coloring supplies | | $70 |
| *OSPREY Child Carrier (black) ($250)* | *$505* | |
| -2 pairs of shoes | | $180 |
| -Baby Quilt | | $40 |
| -Hurley hat | | $35 |
| *YETI (Hopper Two30) Cooler ($300)* | *$400* | |
| -Snack and food for kids LEAVING THEM HUNGRY | | $100 |
| *Tactical Brand diaper bag ($100)* | *$200* | |
| -pacifiers, bibs diapers, bottles etc.. | | $100 |

## Left in Smoked filled car                    $10940

*OSPREY backpack ($270)*                    *$2370*

    -Clothes for a 36 year old male for 2 week    $2000

    -toiletries    $100

*OSPREY backpack ($175)*                    *$1685*

    -Clothes for an 12 year old girl for 2 weeks    $1500

    -Toiletries    $30

*OSPREY backpack ($175)*                    *$1685*

    -Clothes for an 11 year old boy for 2 weeks    $1500

    -Toiletries    $30

*Samsonite Suitcase ($400)*                    *$1700*

    -Clothes and all necessities for 6 month old baby    $1200

    -toiletries    $100

*Samsonite Suitcase ($400)*                    *$3500*

    -Clothes for Mom and all necessities    $2800

    -Toiletries    $300

# MEMORANDUM IN SUPPORT

## OF *PRIVATE ADMISTRATIVE PROCESS*

### AKA; CONDITIONAL ACCEPTANCE FOR VALUE

## FOR PROOF OF CLAIM (CAFV) with

## NOTICE OF ADMISTRATIVE REMEDY POINTS AND AUTHORITIES

Non-negotiable – Private between the parties

**Conditions of Notice via CAFV;**

A. Undersigned desires to settle this matter via good faith via acceptance and to satisfy any obligation established or indicated by any order, claim, charges or presentment from **the senders (Parodi and Daniels),** by agreement predicated and conditioned upon proof of claim (discovery & evidence).

B. The use of any Notary by Claimant is to 'keep the record', 'acknowledge' the signature of the undersigned and testify to the veracity of the same in any court where necessary and may utilize Notarial protests as needed.

**Claimant**; is the living natural man, and natural woman, not a corporation(s):

1. "Rights existed long antecedent to the organization of the State…" Hale v. Henkle 201 u.s. 43 @ pg. 74 (1905).
2. Has the right to exercise 'private administrative process' for resolution before utilizing the courts as necessary.
3. Has the personal knowledge of the facts of the matter and are contained in affidavit form duly notarized.
4. Initiates process and contact in Good Faith, with Clean Hands and Fair Dealing implied in administrative or law.
5. Has 'expectation' of same from all parties in this action and or representatives of AMTRAX RAILROAD.
6. Has 'expectation' that AMTRAX REPRESENTATIVES will act fairly and honestly in good faith, with clean hands and without intent to cheat, hinder, delay, defraud, lie, coerce, use undue influence, threaten, or any other miss-use.

**Respondent**(s) to this 'private administrative process' (CAFV) is to:

1. Substantiate the validity and the accuracy of the presentment or otherwise;
2. Produce evidence that  injury and damages were caused;
3. Produce reimbursement and compensation for the sender(s);
4. Operate with 'Good faith', 'Clean Hands', 'Fair Business Dealings';
5. Provide 'Full disclosure' at all times, and
6. Conduct matter under the principles of the American Jurisprudence and Law;
7. Disclose whether the instant matter is a proceeding between private people;
8. Disclose whether the instant matter is not a vindictive act without merit.

9. Act in a manner so as not to cheat, hinder, delay or defraud the senders  in any manner;

10. Or where Respondent(s) is/are a 'private' man; within the context above, validate the claim, acts or otherwise as to show actions, statements were proper, lawful and correct and that Respondents actions were not negligent/injurious in any capacity.

**Requirement(s) of Respondent(s):**

1. After review of the presentment, evidence, affidavits, this correspondence etc., AMTRAX EMPLOYEES AND REPRESENTATIVES, have/has the opportunity to compensate and reimburse the undersigned

2. Provide 'Proof of Claim(s)' as attached hereto.

3. Otherwise Respondent understands and agrees that a non-response, silence and/or refusal to provide 'Proof of Claim(s) constitutes 'full agreement' to all the facts as they operate in favor of the Claimant and Respondent and it's Principal(s) are in agreement for necessary means by lien or otherwise to repay these damages if payment is not available. And where no controversy exists a suit can be filed for aid in collecting damages owed.

//

## NOTICE OF ADMINISTRATIVE REMEDY

### POINTS AND AUTHORITIES:

1.   Undersigned Claimant hereby is herein exhausting their administrative remedies, to determine the nature and cause of the incident, matter, injuries, hardships, claims, commercial matter, monetary assessment described therein or otherwise.

2.   As an operation of Law, undersigned Claimant is required to exhaust their administrative remedies before they may bring any judicial action for remedy or relief, if such is warranted by the result of the administrative process, via agreement, stipulation or confession.

3.   For reference, the principles that arise from the Administrative Procedures Act (APA), Title 5 United States Code, State and Federal Constitution requirements "operate upon [all] agents/employees of [companies], corporations [government corporations]."

4.  The APA establishes fairly liberal standards for allowing participation by persons who either have a personal interest in the outcome of the proceeding or represent a pertinent public interest, Title 5 U.S.C. 703.

5.  Under the authority of the Administrative Procedure Act at 5 U.S.C. 556 'D', BURDEN OF PROOF, "**the proponent of a rule or order bears the burden of proof**." The Supreme Court has stated that if any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." For reference, see Louisville RR v. Motley, 211 US 149, S. Ct. 42. Claimants are relying upon the same measures and enforcing the same requirements in exhausting the administrative process as to Proof of WRONG DOING, INJURIES, LIABILITY, NEGLIGENCE, DAMAGES, LOSS OF EMPLOYMENT, LOSS OF SCHOOL, LOSS OF PROPERTY ETC. , *or otherwise* as applied to the inquires attached hereto.

6.  Claimant initiates this Private Independent International Administrative Process under the principal of contract which operates upon the private to be a fact finder.

7.  Claimant fully understands that it is not the intent of the Respondent(s) to mislead or otherwise defraud, deceive, or withhold any evidence as applied to the inquiries and requested documents herein, and herein Claimants rests upon Respondent(s) 'Good Faith' and 'Clean Hands Doctrine' and duty to so respond.

8.  Claimant has an expectation of 'Good Faith' on the part of the Respondent(s) as Agent(s)/employee(s) on behalf of 'companies, corporations, government corporations or officers and judges of the court to answer the inquiries, to give proof, to produce requested documents and evidence.

9.  Claimant is acting in a private capacity as a fact finder within the undersigned's private administrative process to secure a preponderance of 'proof', 'evidence' or otherwise, where facts asserted [or admitted] are more probably more true than false. In said case; proceedings must be "of a type commonly relied upon by reasonably prudent men in [the] conduct of their serious affairs." Therein, Respondent(s) have a 'good faith' duty to respond and answer the inquiries and or provide requested Proofs of Claim.

10.  The response(s), or assent(s), or failure or refusal to provide and produce the requested 'evidence' in the absence of response will provide the undersigned a means to determine the nature and cause of the Respondent's actions and documents up to and including default.

11. However, "Silence can only equate with Fraud where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading."

(U.S. V. Prudden, 424 F. 2d 1021 (1070).

12. As with any administrative process, Respondent(s) may controvert the statements and/or claims made by Petitioner(s) by executing and delivering a verified response point by point, with evidence in support or stipulate that no 'document or exhibit exists in the record, or no 'Proof of Claim' exists… on said point by point basis.  Respondent(s) may agree and admit to all statements and claims made by Petitioner by TACIT PROCURATION by simply remaining silent.  Silence equates to agreement.

13.  In the event Respondent(s) admit the statement and claims by TACIT PROCURATION, all issues are deemed settled STARE DECISIS, and Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative, judicial, or commercial.

14. Respondent(s) are granted a minimum ten days (10) days or up to 30 days if specifically specified… and are to respond to the requests for "Proof(s) of Claim", 'statements', 'questions' and 'charges', or otherwise… herein and/or to provide Respondent(s)' own answers to inquiries.

_____ the above has been sent and received;

PRIVATE ADMINISTRATIVE PROCESS

Memorandum of Record DOC. No.: 2019626

# Notice of Fault and Opportunity to Cure
# and
# Notice of Fault and
# Opportunity to Contest Acceptance

From:  Darrell Parodi
       and
       Mayze Daniels
       112 Agape
       Orofino Idaho 83544

Each Party is represented in their individual capacity; this document represents to separate individuals claims;

To: **Amtrak Corporate Office | Headquarters**

   **50 Massachusetts Av.** Washington, DC 20002
   Phone: **(202)906-3000**
   Website: **www.amtrak.com**
   **Email:**

      ATTENTION:    Anthony Coscia, Chairman

                       Jeffrey Moreland, Vice-Chairman

                       Richard H. Anderson, CEO and President

   Phone Number: (202) 906-3001
   Fax Number: (202) 906-2493
   Website: http://www.amtrak.com
   Email:

             NOTICE TO AGENT IS NOTICE TO PRINCIPAL

Date: June 27, 2019

Subject:      INDEPENDANT PRIVATE ADMINISTRATIVE PROCESS/ CONDITIONAL
              ACCEPTANCE FOR VALUE AND OPPORTUNITY TO BRING FORTH THE
              EVIDENCE TO SUPPORT CLAIM

In Re:        NEGLIGENCE, Punative/Monetary Damages

              RESERVATION No.: 4EF547/ ONE WAY

              FROM SEATTLE (King St Station) TO LOSANGELES

              TRAIN 11 ONE FAMILY BEDROOM CAR 1131 ROOM 015 / 5 Passengers

        On May 24, 2019 , the undersigned caused to be sent correspondence/documents/contract
to the above named; said correspondence/documents/contract by and through a private
independent administrative process titled CONDITIONAL ACCEPTANCE FOR PROOF OF
CLAIM (CAFV), wherein the undersigns stipulated and agreed to not bring legal action(s) for
the damages rendered, hardship caused and the debt incurred by the negligence of your company
and your employees (demand/presentment/etc.) was received by you and your office on March
28, 2019 via certified mail number: 70042510000274876708; injuries incurred March 12, 2019 ;
agreed amount of damages is currently: $109,000.00 and is ongoing due to additional medical
issues arising from damage incurred during Amtrax Car Fire where in the undersigns as well as
the child passengers were damaged; Amtrax will be responsible for all legal fee's;

        Amtrax Representatives, Agents and Assigns, failed to perform and or respond after
receiving these presentments from Darrell Parodi and Mayze Daniels which included but is not
limited on behalf of 3 minor children also affected by said injuries, negligence and hardship;

        Amtrax representatives, Agents and Assigns, failed to perform and or respond by
providing the requested and necessary evidence i.e., PROOFS OF CLAIM (Discovery) after
receiving the said Private Independent Administrative Process, (CAFV) from the undersign(s)
per your receipt and acceptance thereof.

        As the Respondent, you, Amtrax, Agents and Assigns that have been served and put on
notice ARE NOW AT FAULT and you are in agreement and have stipulated to the terms of the
undersigned's dated presentment through your dishonor should you fail to Cure by providing
requested evidence,'Proof/discovery', etc.: Should this matter go into default, said default
becomes the barging of the parties, i.e., Private Contract.

WHEN YOU ENTER INTO DEFAULT THIS NOTICE OF FAULT AND OPPORTUNITY TO CURE BECOMES THE SECURITY AGREEMENT BEWTEEN THE PARTIES.

You have the right to cure this fault and perform according to said terms within three (3) days, 72 hours, from the receipt of this Notice.

Should you fail to cure your fault, this Notice and the undersigned's following Affidavit will establish the fact in the record of your acceptance, agreement, general acquiescence and confessed judgment to the matter established upon Respondents silence.

It is a matter of importance, that certain legal issues and liabilities are settled. Acts and actions and lack thereof have resulted in both personal, private and commercial/monetary damages to the above named five passengers. These are the responsibilities and liabilities in question, which must be addressed and resolved and you and your company, Agents and Assigns are responsible; Please respond promptly or by the rule of acquiescence, you will be in FULL AGREEMENT; Therein, presumption will also be taken in regards to your dishonor, admission, confession, injury and damage and failure to state a claim, that your company Amtrax and you as its representatives and as an individual who has been notified and served are giving permission for a lien to filed against you, your company and any assets or valuables owned by you, for the value of said negligent actions on your companies part, your misrepresented acts, injury, default and dishonor, for your own negligence and otherwise.

Thank you for your prompt attention to this matter.

Sincerely,

_Mayze J. Daniels_
Mayze Daniels

_Darrell Parodi_
Darrell Parodi

Third party or Notary's address:

100 Main St Orofino ID 83544

**ACKNOWLEDGEMENT**

As a Notary Public for said County and State, I do hereby certify that on this ___1___ day of

___July___ 2019 Darrell Parodi and Mayze Daniels  appeared before me and

executed the foregoing. Witness my hand and seal:

_____ Seal;

Notary Public

My Commission expires ___10 / 14 / 24___

```
TENILLE PEREZ
COMM. #20182257
NOTARY PUBLIC
STATE OF IDAHO
```

**CERTIFICATE OF MAILING**

I hereby certify that on ~~June~~ July 1st , **2019** a true and accurate copy and or original was placed

in the US MAIL #_____

EMAIL: this communication is also being "cc" via email

To:    **Amtrak Corporate Office | Headquarters**

    **50 Massachusetts Av.** Washington, DC 20002
    Phone: **(202)906-3000**
    Website: **www.amtrak.com**
    **Email:**

    ATTENTION:    Anthony Coscia, chairman

                 Jeffrey Moreland, vice-chairman

                 Richard H. Anderson, CEO and President

Or BY:

_____

Mayze Daniels

4 Notice of Fault and Notice to Cure and to Contest Acceptance          Item # 442

## ATTACHED ITMIZATION

## ARTICLES/PROPERTY LEFT IN TRAIN CART

**TOTAL LOSSES OF PERSONAL PROPERTY**      **$17740**

| | | |
|---|---|---|
| **SPRAYED INSIDE ROOM** | | **$6800** |
| *Jackets/Sweatshirts* | *$590* | |
| -Youth Hurley sweatshirt | | $40 |
| -Youth Under Armor jacket | | $60 |
| -Adult Helly Hanson jacket | | $325 |
| -Adult Grass Roots sweatshirt | | $165 |
| *Bag of kids' electronics/ books/ toys* | *$5105* | |
| -Nike Backpack | | $60 |
| -Two (2) Nintendo switches with games | | $1000 |
| -tablet | | $500 |
| -laptop | | $1800 |
| -Nikon underwater camera | | $185 |
| -Four (4) Patriot chargers | | $800 |
| -Two (2) Rubix cubes | | $60 |
| -Three (3) Dork Diary Books | | $90 |
| -Two (2) Wings of Fire Books | | $40 |
| -Go Pro 7 Black with accessories | | $500 |
| - Miscellaneous puzzles, games, coloring supplies | | $70 |
| *OSPREY Child Carrier (black) ($250)* | *$505* | |
| -2 pairs of shoes | | $180 |
| -Baby Quilt | | $40 |
| -Hurley hat | | $35 |
| *YETI (Hopper Two30) Cooler ($300)* | *$400* | |
| -Snack and food for kids LEAVING THEM HUNGRY | | $100 |
| *Tactical Brand diaper bag ($100)* | *$200* | |
| -pacifiers, bibs diapers, bottles etc.. | | $100 |

| | | |
|---|---|---|
| **Left in Smoked filled car** | | **$10940** |
| *OSPREY backpack ($270)* | *$2370* | |
| -Clothes for a 36 year old male for 2 week | | $2000 |
| -toiletries | | $100 |
| *OSPREY backpack ($175)* | *$1685* | |
| -Clothes for an 12 year old girl for 2 weeks | | $1500 |
| -Toiletries | | $30 |
| *OSPREY backpack ($175)* | *$1685* | |
| -Clothes for an 11 year old boy for 2 weeks | | $1500 |
| -Toiletries | | $30 |
| *Samsonite Suitcase ($400)* | *$1700* | |
| -Clothes and all necessities for 6 month old baby | | $1200 |
| -toiletries | | $100 |
| *Samsonite Suitcase ($400)* | *$3500* | |
| -Clothes for Mom and all necessities | | $2800 |
| -Toiletries | | $300 |

**MEMORANDUM IN SUPPORT**
**OF *PRIVATE ADMISTRATIVE PROCESS***
**AKA; CONDITIONAL ACCEPTANCE FOR VALUE**
**FOR PROOF OF CLAIM (CAFV) with**
**NOTICE OF ADMISTRATIVE REMEDY POINTS AND AUTHORITIES**

Non-negotiable – Private between the parties

**Conditions of Notice via CAFV;**

    A. Undersigned desires to settle this matter via good faith via acceptance and to satisfy any obligation established or indicated by any order, claim, charges or presentment from **the senders (Parodi and Daniels),** by agreement predicated and conditioned upon proof of claim (discovery & evidence).

    B. The use of any Notary by Claimant is to 'keep the record', 'acknowledge' the signature of the undersigned and testify to the veracity of the same in any court where necessary and may utilize Notarial protests as needed.

**Claimant**; is the living natural man, and natural woman, not a corporation(s):

    1. "Rights existed long antecedent to the organization of the State…" Hale v. Henkle 201 u.s. 43 @ pg. 74 (1905).

    2. Has the right to exercise 'private administrative process' for resolution before utilizing the courts as necessary.

    3. Has the personal knowledge of the facts of the matter and are contained in affidavit form duly notarized.

    4. Initiates process and contact in Good Faith, with Clean Hands and Fair Dealing implied in administrative or law.

    5. Has 'expectation' of same from all parties in this action and or representatives of AMTRAX RAILROAD.

    6. Has 'expectation' that AMTRAX REPRESENTATIVES will act fairly and honestly in good faith, with clean hands and without intent to cheat, hinder, delay, defraud, lie, coerce, use undue influence, threaten, or any other miss-use.

**Respondent**(s) to this 'private administrative process' (CAFV) is to:

    1. Substantiate the validity and the accuracy of the presentment or otherwise;

    2. Produce evidence that  injury and damages were caused;

    3. Produce reimbursement and compensation for the sender(s);

    4. Operate with 'Good faith', 'Clean Hands', 'Fair Business Dealings';

    5. Provide 'Full disclosure' at all times, and

    6. Conduct matter under the principles of the American Jurisprudence and Law;

    7. Disclose whether the instant matter is a proceeding between private people;

    8. Disclose whether the instant matter is not a vindictive act without merit.

    9. Act in a manner so as not to cheat, hinder, delay or defraud the senders  in any manner;

6 Notice of Fault and Notice to Cure and to Contest Acceptance          Item # 442

10. Or where Respondent(s) is/are a 'private' man; within the context above, validate the claim, acts or otherwise as to show actions, statements were proper, lawful and correct and that Respondents actions were not negligent/injurious in any capacity.

**Requirement(s) of Respondent(s):**

1. After review of the presentment, evidence, affidavits, this correspondence etc., AMTRAX EMPLOYEES AND REPRESENTATIVES, have/has the opportunity to compensate and reimburse the undersigned
2. Provide 'Proof of Claim(s)' as attached hereto.
3. Otherwise Respondent understands and agrees that a non-response, silence and/or refusal to provide 'Proof of Claim(s) constitutes 'full agreement' to all the facts as they operate in favor of the Claimant and Respondent and it's Principal(s) are in agreement for necessary means by lien or otherwise to repay these damages if payment is not available. And where no controversy exists a suit can be filed for aid in collecting damages owed.

//

## NOTICE OF ADMINISTRATIVE REMEDY

### POINTS AND AUTHORITIES:

1.   Undersigned Claimant hereby is herein exhausting their administrative remedies, to determine the nature and cause of the incident, matter, injuries, hardships, claims, commercial matter, monetary assessment described therein or otherwise.

2.   As an operation of Law, undersigned Claimant is required to exhaust their administrative remedies before they may bring any judicial action for remedy or relief, if such is warranted by the result of the administrative process, via agreement, stipulation or confession.

3.   For reference, the principles that arise from the Administrative Procedures Act (APA), Title 5 United States Code, State and Federal Constitution requirements "operate upon [all] agents/employees of [companies], corporations [government corporations]."

4.   The APA establishes fairly liberal standards for allowing participation by persons who either have a personal interest in the outcome of the proceeding or represent a pertinent public interest, Title 5 U.S.C.  703.

5.   Under the authority of the Administrative Procedure Act at 5 U.S.C. 556 'D', BURDEN OF PROOF, "<u>the proponent of a rule or order bears the burden of proof</u>." The Supreme Court has stated that if any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." For reference, see <u>Louisville RR v. Motley</u>, 211 US 149, S. Ct.  42. Claimants are relying upon the same measures and enforcing the same requirements in exhausting the administrative process as to Proof of WRONG DOING, INJURIES, LIABILITY, NEGLIGENCE, DAMAGES, LOSS OF EMPLOYMENT, LOSS OF SCHOOL, LOSS OF PROPERTY ETC. , <u>*or otherwise*</u> as applied to the inquires attached hereto.

7 Notice of Fault and Notice to Cure and to Contest Acceptance        Item # 442

6.  Claimant initiates this Private Independent International Administrative Process under the principal of contract which operates upon the private to be a fact finder.

7.  Claimant fully understands that it is not the intent of the Respondent(s) to mislead or otherwise defraud, deceive, or withhold any evidence as applied to the inquiries and requested documents herein, and herein Claimants rests upon Respondent(s) 'Good Faith' and 'Clean Hands Doctrine' and duty to so respond.

8.  Claimant has an expectation of 'Good Faith' on the part of the Respondent(s) as Agent(s)/employee(s) on behalf of 'companies, corporations, government corporations or officers and judges of the court to answer the inquiries, to give proof, to produce requested documents and evidence.

9.  Claimant is acting in a private capacity as a fact finder within the undersigned's private administrative process to secure a preponderance of 'proof', 'evidence' or otherwise, where facts asserted [or admitted] are more probably more true than false.  In said case; proceedings must be "of a type commonly relied upon by reasonably prudent men in [the] conduct of their serious affairs." Therein, Respondent(s) have a 'good faith' duty to respond and answer the inquiries and or provide requested Proofs of Claim.

10. The response(s), or assent(s), or failure or refusal to provide and produce the requested 'evidence' in the absence of response will provide the undersigned a means to determine the nature and cause of the Respondent's actions and documents up to and including default.

11. However, "Silence can only equate with Fraud where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading." (U.S. V. Prudden, 424 F. 2d 1021 (1070).

12. As with any administrative process, Respondent(s) may controvert the statements and/or claims made by Petitioner(s) by executing and delivering a verified response point by point, with evidence in support or stipulate that no 'document or exhibit exists in the record, or no 'Proof of Claim' exists… on said point by point basis.  Respondent(s) may agree and admit to all statements and claims made by Petitioner by TACIT PROCURATION by simply remaining silent.  Silence equates to agreement.

13. In the event Respondent(s) admit the statement and claims by TACIT PROCURATION, all issues are deemed settled STARE DECISIS, and Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative, judicial, or commercial.

14. Respondent(s) are granted a minimum ten days (10) days or up to 30 days if specifically specified… and are to respond to the requests for "Proof(s) of Claim", 'statements', 'questions' and 'charges', or otherwise… herein and/or to provide Respondent(s)' own answers to inquiries.

Dated this ___1st___ day of ____July_____ , 2019

# AFFIDAVIT
## OF CERTIFICATE OF NON-RESPONSE
### And Failure to Contest Acceptance and Agreement

Re; Non-Response to Private Conditional Acceptance for Value for Proof of Claim in the Nature of Request for Discovery to Exhaust Private Administrative Remedy

IDAHO STATE )
                                                ) Scilicet
County of CLEARWATER )

"**Indeed, no more than (affidavits) is necessary to make the prima facie case.**" United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982

That I, Mayze Daniels , a living breathing woman, being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief.

That I, Darrell Parodi , a living breathing man, being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief.

That , *Janet Overman* , a Third Party herein, DID certify and Notarize a Private Conditional Acceptance for Value for Proof of Claim in the Nature of Request for Discovery which was sent by the above named to via Certified Mail with Return Receipt Number/TRACKING # *7004 2510 0002 7487 5879* and which was mailed by the above party on *August 28th* , 2019. A response as stipulated in the document was to be sent to the third party as well as the sending party serving as 'second witness.'

Per the above document as mailed, request was made to not only send a RESPONSE of the requested Proof of Claim(s) to the second witness party but also to the undersigned.

Said RESPONSE was requested within a specific time period with an additional 3 days for return mail.

THEREFORE; I certify that Respondent(s), Anthony Coscia, Chairman, Jeffrey Moreland, Vice-Chairman and Richard H. Anderson, CEO and President, Assigned Agent(s) of AMTRAX including but not limited to Any and All Forms of AMTRAX INC., refused or failed to RESPOND to the above party's Private Conditional Acceptance for Value for Proof of Claim in the Nature of Request for Discovery within the time stipulated, failed to Cure the fault and presumption is made that AMTRAX and Assigned Agent(s) Respondent(s), Anthony Coscia, Chairman, Jeffrey Moreland, Vice-Chairman and Richard H. Anderson, CEO and President in behalf of same, is and are in full

1 – Affidavit of Certificate of Non-Response                                    AMTRAX

acceptance and in full agreement to all matters therein as stipulated in favor of Mayze Daniels and Darrell Paodi, the Affiant.

Dated this _28 TH_ day of August 26, 2019 2018.

_____          _____
2nd Witness                                                Mayze Daniels

                                                          _____
                                                          Darrell Parodi

## ACKNOWLEDGEMENT

**STATE OF IDAHO**                    )
                                      ) ss.
**CLEARWATER COUNTY**                 )

As a Notary Public for said County and State, I do hereby certify that on this _28 TH_ day of _August_ 2019 the above named appeared before me and executed the foregoing. Witness my hand and seal:

_____  Seal;

Notary Public  My Commission expires _8-23-22_

*[Notary seal: JANET L. OVERMAN — Comm. Exp. 08/23/2022 — NOTARY PUBLIC — Comm. No. 46755 — STATE OF IDAHO]*

2 – Affidavit of Certificate of Non-Response                    AMTRAX

ATTACHMENT FIVE

MEDICAL BILLS
COLLECTIONS
(ongoing)



CATALYST
Medical Group

Valley Medical Center
Lewiston Orthopaedics

# STATEMENT

| | |
|---|---|
| Account # | 07/10/2019 |
| Document Date | Darrell B Parodi |
| Responsible Party | $7525.39 |
| **Minimum Payment** | 07/30/2019 |
| **Due Date** | |

## Statement Summary

| | |
|---|---|
| Responsible Party | Darrell B Parodi |
| **Total Statement Charges:** | $7525.39 |
| Total Insurance Payments: | $0.00 |
| Total Adjustments: | $0.00 |
| Total Previous Payments: | $0.00 |
| Total Insurance Balance: | $0.00 |
| **Total Responsible Party Balance:** | $7525.39 |
| **AMOUNT YOU OWE** | $7525.39 |

**PLEASE PAY BY 7/30/2019**

**Further Action Required**

Insurance is requesting additional information from you and will not process claims until this information is received. As of now, the balance is your responsibility.

Important Message

Payment and Other Information

**Credit Bureau of Lewiston-Clarkston, Inc.**
P.O. Box 777
Lewiston, ID 83501
(208) 743-1525 or (800) 289-0908
8:00am to 5:00pm PST, Mon - Fri
www.lewisclarkcollections.com

October 8, 2019                          FN1

**This communication is from a debt collector
attempting to collect a debt. Any information
obtained will be used for that purpose.**

PERSONAL AND CONFIDENTIAL

D 4   500501

DARRELL PARODI

12805 CAVENDISH HWY
KENDRICK, ID 83537

<u>**Creditor:**</u>
  CMG - LEWISTON ORTHOPAEDIC
  320 WARNER DR
  LEWISTON, ID 83501
<u>**Creditor Account #:**</u>

<u>**Date of Service:**</u>
05/01/2019

The above listed creditor has referred your account to our office for collection. Please contact our office to speak directly to an account representative regarding questions on this account or to make a payment arrangement.

**Our information shows:**

The following amount is owed to the creditor.

| | | |
|---|---|---|
| Principal amount you owe: | | $7,525.39 |
| Interest charged at 12%: | + | $395.86 |
| Handling fees charged: | + | $0.00 |
| Collection fees charged: | + | $0.00 |
| Attorneys fees charged: | + | $0.00 |
| **Total amount of the debt now:** | | **$7,921.25** |

*Because of statutory interest, fees, and other charges that may vary from day to day, the amount due on the day you pay may be greater than the amount shown above.*

**Please take notice:**

▫ Unless you notify this office within 30 days after receiving this notice that you dispute the validity of all or part of this debt, we will assume the debt is valid and our information is correct.

▫ If you notify this office in writing within 30 days from receiving this notice that the debt or any portion of the debt is disputed, this office will obtain verification of the debt or a copy of a judgment and provide it to you. Our office will also provide the name and address of the original creditor, if different from the current creditor.

▫ Information on this account may be submitted to major credit reporting agencies if you fail to fulfill the terms of your credit obligation.

▫ You have the right to request the original creditor account number assigned to the debt, the date of the last payment to the creditor, and an itemized statement.

▫ Your payment should be directed to this office to ensure proper credit to your account.

---

Detach this portion and return to our office.                          D 4

Account # 500501
DARRELL PARODI
12805 CAVENDISH HWY
KENDRICK, ID 83537

**AMOUNT OWED:$7,921.25**

**Mail to:**
CB OF LEWISTON CLARKSTON, INC
P.O. BOX 777
LEWISTON, ID 83501

☐ I enclosed this amount: | $              |

  *- make checks payable to Credit Bureau of Lewiston-Clarkston*

☐ I prefer to make payment arrangements or have questions on this account, please contact me at:

_____

☐ I prefer to pay the balance with my credit card:
  ▫ Call our office to pay over the phone
  ▫ Pay online at www.LewisClarkCollections.com
    *- Enter Acct# 500501 and PIN# 31356*



**Valley Medical Center**
**Lewiston Orthopaedics**

| | |
|---|---|
| Account # | |
| Document Date | 01/22/2020 |
| Responsible Party | Darrell B Parodi |
| **Minimum Payment** | **$282.41** |
| Due Date | **02/11/2020** |

# STATEMENT

## Statement Summary

| | |
|---|---|
| Responsible Party | **Darrell B Parodi** |
| **Total Statement Charges:** | $282.41 |
| Total Insurance Payments: | $0.00 |
| Total Adjustments: | $0.00 |
| Total Previous Payments: | $0.00 |
| Total Insurance Balance: | $0.00 |
| **Total Responsible Party Balance:** | **$282.41** |
| **AMOUNT YOU OWE** | **$282.41** |

### PLEASE PAY BY 2/11/2020

**Further Action Required**

Insurance is requesting additional information from you regarding your claim and will not process claims until this information is received. As of now, the balance is your responsibility.

## Important Message

Any balances over 90 days from the date of service will be forwarded to the credit bureau for collections.

## Payment and Other Information

 To pay online visit **www.catalystmedicalgroup.com** Additional payment methods include mail and over the phone.

 If you need to speak with Patient Services, please call **208-750-4513** 8AM - 5:00PM, Mon - Fri.

Tear along dotted line and include with your check.

---




2315 8th St
Lewiston, ID 83501

| Amount Due | Due Date | Amount Paid |
|---|---|---|
| **$282.41** | 2/11/2020 | $ |

     **Pay by Credit Card online at**
**www.catalystmedicalgroup.com**

300
Darrell B Parodi
12805 Cavendish Hwy
Kendrick, ID 83537-5025

Catalyst Medical Group Pllc
PO Box 35140
Seattle, WA 98124-5140

000726971 0028241 5



|                          |                    |
|--------------------------|--------------------|
| Account #                |                    |
| Document Date            | 07/10/2019         |
| Responsible Party        | Darrell B Parodi   |
| **Minimum Payment**      | **$7525.39**       |
| Due Date                 | 07/30/2019         |

# STATEMENT

## Statement Summary

| Responsible Party | **Darrell B Parodi** |
|---|---|
| **Total Statement Charges:** | $7525.39 |
| Total Insurance Payments: | $0.00 |
| Total Adjustments: | $0.00 |
| Total Previous Payments: | $0.00 |
| Total Insurance Balance: | $0.00 |
| **Total Responsible Party Balance:** | **$7525.39** |
| **AMOUNT YOU OWE** | **$7525.39** |

**Further Action Required**
Insurance is requesting additional information from you
and will not process claims until this information is
received. As of now, the balance is your responsibility.

### PLEASE PAY BY 7/30/2019

**Important Message**
Any balances over 90 days from the date of service will
be forwarded to the credit bureau for collections.

**Payment and Other Information**

 To pay online visit **www.catalystmedicalgroup.com**
Additional payment methods include mail and
over the phone.

 If you need to speak with Patient Services, please
call **208-750-4513** 8AM - 5:00PM, Mon - Fri.

---

Tear along dotted line and include with your check.

---




**2315 8th St**
**Lewiston, ID 83501**

| **Amount Due** | **Due Date** | **Amount Paid** |
|---|---|---|
| **$7525.39** | 7/30/2019 | $ |

 **Pay by Credit Card online at**
**www.catalystmedicalgroup.com**

Darrell B Parodi
12805 Cavendish Hwy
Kendrick, ID 83537-5025

Catalyst Medical Group Pllc
PO Box 35140
Seattle, WA 98124-5140

000726971 0752539 7



PRIORITY MAIL ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EP14F July 2013
OD: 12.5 x 9.5

EXPECTED DELIVERY DAY: 03/16/20

USPS TRACKING® NUMBER

9505 5101 8717 0073 1499 46

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
M. Daniels + D. Paredes
118 Hyart Ln.
Victor, Id. 83344

1006        98101        R2305E124103-07

$7.75

TO: Clerk, US District Court
United States Courthouse
700 Stewart St. Suite 2310
Seattle, WA 98101


UNITED STATES POSTAL SERVICE®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.