HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAYZE DANIELS and DARRELL PARODI,

Plaintiffs,

v.

NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK; RICHARD H. ANDERSON; JEFFREY MORELAND; and ANTHONY COSCIA,

Defendants.

No. 2:20-cv-00295-JLR

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

**JURY DEMAND**

Defendants National Railroad Passenger Corporation ("Amtrak"), Richard H. Anderson, Jeffrey Moreland, and Anthony Coscia respond as follows to Plaintiffs' Complaint ("Complaint").[1]

**ANSWER**

**I. Parties**

A. Defendants lack sufficient information to admit or deny the allegations in Paragraph I.A of the Complaint and therefore deny the same.

B. Defendants admit the allegations in Paragraph I.B of the Complaint.

---

[1] Plaintiffs incorrectly named Amtrak as "Amtrax" in the Complaint. Defendants answer the following documents herein, both of which appear to be Complaints filed by Plaintiffs: (1) Plaintiffs' Complaint for a Civil Case Alleging Negligence, filed Mar. 16, 2020; and (2) Plaintiffs' Claim for Damage, filed Feb. 24, 2020.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND JURY DEMAND – 1
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## II. Jurisdiction

Defendants admit that Amtrak is a District of Columbia corporation with its principal place of business in Washington D.C. Defendants admit that based on the allegations in Plaintiffs' Complaint, this Court has jurisdiction over this claim under 28 U.S.C. §§ 1332 and 1349. Except as expressly admitted herein, Defendants deny the allegations in Paragraph II of the Complaint.

## III. Amount in Controversy

Defendants lack sufficient information to admit or deny the allegations in Paragraph III of the Complaint and therefore deny the same.

## IV. Statement of Claim

Defendants deny the allegations in Paragraph IV of the Complaint.

## V. Relief

Defendants deny that Plaintiffs are entitled to any of their requested relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proving any matter upon which any other party bears the burden pursuant to applicable law, Defendants set forth the following affirmative defenses, which are potentially applicable to this matter:

1. Plaintiffs failed to properly serve Defendants;
2. Plaintiffs failed to mitigate their damages;
3. Plaintiffs failed to state a claim against Defendants upon which relief can be granted;
4. Plaintiffs' alleged damages were proximately caused by the negligence or other fault of Plaintiffs themselves, which bars or reduces their claims;
5. Plaintiffs lack standing to sue for some or all of the injuries alleged in their Complaint.
6. Plaintiffs' alleged damages were proximately caused by the assumption of the risk by Plaintiffs, and Plaintiffs' claims are therefore barred;
7. Plaintiffs' claims are barred in whole or in part on the basis of comparative fault or contributory negligence;

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND JURY DEMAND – 2
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

8. Plaintiffs' alleged injuries and damages were caused, in whole or in part, by pre-existing conditions or other contributory or concurrent conditions or factors including events occurring prior or subsequent to the alleged subject occurrence;

9. Plaintiffs' claims are barred, in whole or in part, by estoppel, release, waiver, or other equitable defenses;

10. Any claim for punitive damages is barred by 49 U.S.C. § 20101 and the United States Constitution, including, *inter alia*, the Due Process, Equal Protection, and Excessive Fines Clauses, as well as the Washington Constitution and applicable statutory provisions;

11. To the extent certain expenses incurred by Plaintiffs arising from the incident in question have been paid by Defendants, any recovery by Plaintiffs should be reduced to the extent of such payments under the doctrine of accord and satisfaction;

12. Plaintiffs fail to name a proper party as a defendant and may have failed to name some necessary or indispensable parties;

13. Plaintiffs' claims are barred in whole or in part by the doctrine of federal preemption, including, but not limited to the Federal Railroad Safety Act, 49 U.S.C. § 49 U.S.C. § 20101, *et seq.*, the Locomotive Inspection Act, 49 U.S.C. § 20701, *et seq.*, and regulations promulgated thereunder;

14. Plaintiffs' alleged damages did not result, directly or indirectly, from any act or omission of Defendants, but rather from the acts or omissions of persons and/or entities other than Defendants, for which Defendants are not liable, thus barring Plaintiffs from recovering from Defendants;

15. Plaintiffs' damages and/or injuries were the result of superseding or intervening causes that Defendants did not foresee and could not reasonably have foreseen under the same or similar circumstances;

16. Defendants are entitled to apportionment or set-off of all damages not caused by Defendants' alleged negligence or fault;

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COMPLAINT AND JURY DEMAND – 3
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

17. Plaintiffs' claims may be barred in whole or in part by the doctrines of laches, waiver, unclean hands, or accord and satisfaction.

Defendants reserve the right to amend this answer and affirmative defenses to allege additional defenses as may be identified during the course of discovery and investigation.

## DEFENDANTS' PRAYER FOR RELIEF

Having fully answered Plaintiffs' Complaint and set forth its affirmative defenses, Defendants pray as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;

2. That Plaintiffs take nothing by way of relief requested against Defendants;

3. That Defendants be granted their costs, including reasonable attorneys' fees, incurred in defending this action; and

4. That the Court grant Defendants such other relief as it deems just and equitable under the circumstances.

DATED: May 6, 2020

LANE POWELL PC

By: *s/ Andrew G. Yates*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Warren E. Babb, Jr., WSBA No. 13410
babbw@lanepowell.com
Angie R. Nolet, WSBA No. 50059
noleta@lanepowell.com

*Attorneys for Defendants National Railroad Passenger Corporation, Richard H. Anderson, Jeffrey Moreland, and Anthony Coscia*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND JURY DEMAND – 4
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants National Railroad Passenger Corporation, Richard H. Anderson, Jeffrey Moreland, and Anthony Coscia herein requests a jury trial by a jury of twelve in the above-referenced matter.

DATED: May 6, 2020

                                              LANE POWELL PC

By: *s/ Andrew G. Yates*
    Tim D. Wackerbarth, WSBA No. 13673
    wackerbartht@lanepowell.com
    Andrew G. Yates, WSBA No. 34239
    yatesa@lanepowell.com
    Warren E. Babb, Jr., WSBA No. 13410
    babbw@lanepowell.com
    Angie R. Nolet, WSBA No. 50059
    noleta@lanepowell.com

*Attorneys for Defendants National Railroad Passenger Corporation, Richard H. Anderson, Jeffrey Moreland, and Anthony Coscia*

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLF'S COMPLAINT (FELA) AND JURY DEMAND – 5
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I e-mailed and mailed by United States Postal Service the document to the following non-CM/ECF participants:

MAYZE DANIELS
112 AGAPE LN
OROFINO, ID 83544
mayzedaniels710@gmail.com

DARRELL PARODI
112 AGAPE LN
OROFINO, ID 83544
darrell7396@gmail.com

Executed on the 6th day of May, 2020, at Seattle, Washington.

*s/ Alisa R. Flabel*
Alisa R. Flabel, Legal Assistant

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLF'S COMPLAINT (FELA) AND JURY DEMAND – 6
NO. 2:20-CV-00295-JLR
019188.0464/8014061.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107