UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAYZE DANIELS, et al. | CASE NO. C20-0295JLR |
| Plaintiffs, | ORDER GRANTING MOTION TO COMPEL |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., | |
| Defendants. | |

Before the court is a discovery dispute between Defendant National Railroad Passenger Corporation ("Amtrak") and Plaintiffs Mayze Daniels and Darrell Parodi (collectively, "Plaintiffs"). Based on the court's review of the submissions, the applicable law, and the rationale provided during the telephonic motion hearing, the court GRANTS Amtrak's motion to compel (MTC (Dkt. # 18)).

On December 17, 2020, the court ordered the parties to submit statements on the discovery issue and recognized that Amtrak's motion to compel shall stand as its

ORDER - 1

statement. (Order (Dkt. # 21) at 1-2.) The court additionally ordered the parties to appear at a telephonic hearing on January 5, 2021, at 1:00 p.m. and provided the call-in information. (Order at 2.) The court directed the Clerk to send a copy of the order to the Plaintiffs (*id.*), and the court has not received any indication that the order failed to reach the Plaintiffs (*see generally* Dkt.). Plaintiffs did not file a statement. (*See generally id.*) The court held a telephonic conference at the scheduled time, but Plaintiffs did not appear. At the conference, Amtrak stated that it has been unable to reach Plaintiffs over the last few months despite several emails and calls. Written communication from the court has similarly not been responded to. (*See generally* Dkt.)

Amtrak first seeks to compel Plaintiffs to serve initial disclosures. (MTC at 1-2.) Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to make initial disclosures concerning individuals likely to have discoverable information; documents that the disclosing party may use to support its claims; computation of damages; and any insurance information. Fed. R. Civ. Pro. 26(a)(1)(A). Here, the Plaintiffs' initial disclosures were due on May 18, 2020—roughly seven months ago. (4/20/20 Order (Dkt. # 12) at 1.) They offer no explanation as to their delay. (*See generally* Dkt.) Accordingly, the court grants Amtrak's motion to compel Plaintiffs to serve initial disclosures.

Amtrak additionally seeks to compel Plaintiffs to fully respond to five interrogatories and three requests for production. (MTC at 5-10.) Litigants are entitled to discovery that is "relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Amtrak seeks medical information

related to Plaintiffs' purported injuries and health before the alleged incident; a breakdown of Plaintiffs' damages calculation; contact information and details about potential witnesses and their knowledge of the alleged incident; and social media information.  (MTC at 2-4.)  The court finds that these requests are relevant to Amtrak's ability to litigate this case and proportional to the needs of the case, and the Plaintiffs have not objected otherwise.  Fed. R. Civ. Pro. 26(b)(1); (*see generally* Dkt.)  And yet, despite agreeing to provide supplemental responses, the Plaintiffs have failed to fully comply.  (*See* Nolel Decl. (Dkt. # 19) ¶¶ 3-7, Exs. B-F.)  Accordingly, the court grants Amtrak's motion to compel Plaintiffs to fully respond to the interrogatories and requests for production.

The court acknowledges the Plaintiffs' *pro se* status but reminds them that they "must follow the same rules of procedure that govern other litigants." *Briere v. Chertoff*, 271 F. App'x 682, 683 (9th Cir. 2008).  The court further reminds Plaintiffs that Federal Rule of Civil Procedure 37 authorizes sanctions against a party who fails to obey an order to provide discovery, including monetary fines, evidentiary sanctions, or dismissal.  Fed. R. Civ. Pro. 37(b).  Five factors are weighed to determined whether to dismiss a case for failing to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Malone v. United States Postal Servs.,* 833 F.2d 128, 130 (9th Cir. 1987).  While these factors do not justify dismissal at this time, the court cautions Plaintiffs that further non-compliance will alter the analysis of the factors

above. Any failure to timely comply with this order in good faith will result in sanctions, including and up to dismissal.

Based on the foregoing, the court ORDERS Plaintiffs to produce the following:

(1) Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A);

(2) Medical provider information as articulated in interrogatories 12 and 13, including contact information;

(3) Copies of medical bills and expenses related to the underlying incident as articulated in request for production 12;

(4) Damages calculations and supporting documentation as articulated in interrogatory 14;

(5) Witness information as articulated in interrogatory 15, including their contact information and a summary of their knowledge; and

(6) Social media data as articulated in interrogatory 17 and requests for production 11 and 13.

The court further ORDERS Plaintiffs to provide the above to both Amtrak and the court. This information must be received by Amtrak and the court before or on January 25, 2021. The Clerk is DIRECTED to send a copy of this order to Plaintiffs.

Dated this 6th day of January, 2021.

JAMES L. ROBART
United States District Judge