UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAYZE DANIELS, et al.,<br><br>Plaintiffs,<br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>Defendants. | CASE NO. C20-0295JLR<br><br>ORDER DENYING MOTION TO DISMISS |

## I.  INTRODUCTION

Before the court is Defendant National Railroad Passenger Corporation's ("Amtrak") motion to dismiss.  (MTD (Dkt. # 26).)  *Pro se* Plaintiffs Mayze Daniels and Darrell Parodi (collectively, "Plaintiffs") oppose the motion.  (Resp. (Dkt. # 30).)  The court has reviewed the motion, the submissions filed in support and in opposition to the

//

//

ORDER - 1

motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES the motion to dismiss. The court further AWARDS Amtrak $100.00 against Plaintiffs as sanctions and ORDERS Plaintiffs to abide by the previous discovery directives as described below.

## II. BACKGROUND

On March 12, 2019, Plaintiffs were passengers on an Amtrak train that was allegedly faulty. (Am. Compl. (Dkt. # 9) at 5.) The faulty train car allegedly caused a small explosion and fire, resulting in personal injury and damage to Plaintiffs' personal property. (*Id.* at 5.) Plaintiffs subsequently filed suit on February 24, 2020, against Amtrak and other defendants for damages. (*Id.* at 6.)

The parties have since engaged in discovery. On July 15, 2020, Amtrak served a set of written discovery requests to Plaintiffs. (Nolet Decl. (Dkt. # 19) ¶ 3, Ex. B.) Amtrak requested supplemental responses from Plaintiffs to several interrogatories and requests for production on September 1, 2020, and the parties held a discovery conference on September 10, 2020. (*Id.* ¶¶ 4-5, Exs. C-D.) Plaintiffs provided supplemental responses on September 17, 2020, but Amtrak requested further supplementation and scheduled another discovery conference for October 6, 2020. (*Id.* ¶¶ 6-7, Exs. E-F.) Plaintiffs did not appear, nor did they supplement their responses, despite representing that they would do so. (*Id.* ¶¶ 8-10, Ex. G.)

//

---

[1] No party requests oral argument (*see* MTD at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

On December 17, 2020, Amtrak alerted the court of this discovery dispute. (12/17/20 Order (Dkt. # 21); *see also* MTC (Dkt. # 18).) Amtrak first sought to compel Plaintiffs to serve initial disclosures, which were due on May 18, 2020. (MTC at 1-2.) It additionally sought to compel Plaintiffs to fully respond to five interrogatives and three requests for production. (*Id.* at 5-10.) The court ordered Plaintiffs to file a statement regarding this discovery issue and to appear at a telephonic hearing on January 5, 2021. (12/17/20 Order at 1-2.) Plaintiffs did not file anything as ordered, and they did not appear at the telephonic hearing. (*See* Dkt.; 1/5/21 Min. Entry (Dkt. # 22).) At this conference, Amtrak stated that it had lost contact with Plaintiffs despite several emails and calls. (*See* 1/6/21 Order (Dkt. # 23) at 2; *see also* Yates Decl. (Dkt. # 34) ¶¶ 2-7, Exs. A-G (attaching communications to Plaintiffs).) Plaintiffs similarly failed to respond to written communication from the court, and there was no indication that the orders had failed to reach the Plaintiffs. (*See generally* Dkt.)

On January 6, 2021, the court granted Amtrak's motion to compel. (*See* 1/6/21 Order at 1.) The court ordered Plaintiffs to serve initial disclosures—seven months overdue at that time—and fully respond to interrogatories and requests for production regarding medical provider information, damages calculation, potential witnesses to the incident, and social media information. (*Id.* at 2-3; *see also id.* at 4 (listing items that must be produced by Plaintiffs).) The court reminded Plaintiffs that although they are *pro se*, they must still follow the "same rules of procedure that govern other litigants" and that under Federal Rule of Civil Procedure 37, failure to obey a discovery order may result in sanctions up to and including dismissal. (*Id.* at 3 (quoting *Briere v. Chertoff*,

271 F. App'x 682, 683 (9th Cir. 2008).) The court ordered Plaintiffs to provide the requested discovery to Amtrak and the court no later than January 25, 2021. (*Id.* at 4.)

Again, despite no indication that the order failed to reach Plaintiffs, Plaintiffs did not provide the requested discovery to Amtrak or the court. (*See generally* Dkt.)

### III.  ANALYSIS

Amtrak filed the instant motion to dismiss as a sanction for Plaintiffs' repeated failure to comply with discovery obligations and with this court's orders. (*See* MTD.) Plaintiffs in their response request "leniency . . . to allow Plaintiffs the opportunity to give [Amtrak] whatever it is they are requesting." (Resp. at 1.) Plaintiffs further explain that they believed they had already given Amtrak the requested information. (*Id.* at 2, 4, 8.) In support, they submit declarations and attach Ms. Daniels's medical release form and Mr. Parodi's Certificate of Release or Discharge from Active Duty. (*See* Daniels Decl. (Dkt. # 31); Parodi Decl. (Dkt. # 32).) Plaintiffs offer no explanation for their failure to appear at the telephonic conference; to provide initial disclosures; to provide the remaining interrogatories and requests for production; or their general absence from this action over the last several months. (*See* Resp.)

The Federal Rules of Civil Procedure authorize the court to impose sanctions against a party who fails to respond to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 37(d)(3). Specifically, sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

1         (ii) prohibiting the disobedient party from supporting or opposing designated

2         claims or defenses, or from introducing designated matters in evidence;

3         (iii) striking pleadings in whole or in part;

4         (iv) staying further proceedings until the order is obeyed;

5         (v) dismissing the action or proceeding in whole or in part; [or]

6         (vi) rendering a default judgment against the disobedient party[.]

7 Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any

8 of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."). "By the very nature of its language,

9 sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."

10 *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v.*

11 *Far W. Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).

12         Dismissal is a harsh penalty, and the court should impose it only in extreme

13 circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The Ninth

14 Circuit requires the court to consider five factors in determining whether to dismiss a case

15 under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the

16 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

17 public policy favoring disposition of cases on their merits; and (5) the availability of less

18 drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). After

19 considering these factors, the court concludes that they do not support the entry of

20 dismissal as a sanction at this time.

21         With respect to the first two factors, there is no doubt that Plaintiffs' delinquency

22 in responding to Amtrak's discovery requests has caused Amtrak frustration and delayed

1  the progress of discovery in this litigation overall.  Nevertheless, the discovery cut-off is

2  not until November 8, 2021, and remaining deadlines, such as the dispositive motions

3  deadline of December 7, 2021, and the trial date of March 7, 2022, are still in place.  (*See*

4  6/23/20 Min. Order (Dkt. # 17).)  Although the court does not minimize the serious delay

5  engendered by Plaintiffs' conduct, the court concludes that, as of this date, neither the

6  public's interest in expeditious resolution of litigation nor the court's need to manage its

7  docket weigh in favor of dismissal as a sanction.

8        In addition, the risk of prejudice to Amtrak—the third factor—remains minimal at

9  this point.  Assuming that Plaintiffs produce their initial disclosures and responses to

10 Amtrak's requested discovery and begin to work reasonably cooperatively with Amtrak's

11 counsel in scheduling other discovery, such as Plaintiffs' depositions, Amtrak still has

12 sufficient time to complete its outstanding discovery before the discovery cut-off date.

13 (*See* 6/23/20 Min. Order.)  Thus, the court concludes that the risk of prejudice to Amtrak

14 does not yet weigh in favor of imposing terminal sanctions.  The fourth factor of public

15 policy favoring dispositions on the merits nearly always weighs against the entry of

16 dismissal as a sanction.  The court finds no reason to conclude otherwise here.

17       Finally, the court believes that less drastic sanctions are still available.  In this

18 regard, the court notes that Plaintiffs demonstrated the ability to communicate and engage

19 in discovery with Amtrak before October 2020, including attending a discovery

20 conference and supplying one round of supplemental responses.  (*See* Nolet Decl.

21 ¶¶ 3-9.)  Thus, this final factor also weighs against the entry of terminal sanctions.

22 //

Overall, the factors laid out by the Ninth Circuit do not support the imposition of dismissal as a sanction at this time. *See Malone*, 833 F.2d at 130.

Although the court will not impose dismissal, it concludes that a less drastic sanction is warranted in this case. Federal Rule of Civil Procedure 37(b)(2)(C) provides that "[i]nstead of . . . the [sanctions in Rule 37(b)(2)(A)(i)-(vii)], the court must order the disobedient party . . . to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs have failed to abide by several of this court's orders, including an order to file a statement on the discovery issue (*see* 12/17/20 Order at 1-2); an order to appear at the scheduled telephonic conference (*see id.*); and an order to provide initial disclosures and responses to Amtrak's requested discovery (*see* 1/6/21 Order at 4). Plaintiffs offer no justification for these failures. (*See* Resp.; Daniels Decl.; Parodi Decl.) The court previously warned Plaintiffs that failure to obey a discovery order may result in sanctions, "including monetary fines." (1/6/21 Order at 3; *see also* 12/17/20 Order (cautioning Plaintiffs that "failure to fully comply with this order may constitute grounds for sanctions").) Accordingly, considering these circumstances, the court sanctions Plaintiffs and orders them to pay $100.00 to Amtrak by April 14, 2021, as reasonable expenses for forcing it to file motions to compel and to dismiss.

Any further unwarranted delay by Plaintiffs in providing initial disclosures and full responses to Amtrak's discovery requests will alter the court's analysis of the dismissal factors. Although there is still time for the parties to complete discovery, there is no longer any time to waste. Plaintiffs' initial disclosures are now over ten months

late. (*See* 4/20/20 Order (Dkt. # 12) at 1 (setting initial disclosure deadline for May 18, 2020).) Similarly, Amtrak originally served the discovery requests at issue over eight months ago. (*See* Nolet Decl. ¶ 3, Ex. B.) These failures, combined with Plaintiffs' repeated non-responsiveness to Amtrak's and the court's communications, constitute highly unwarranted delay. (*See, e.g.*, Yates Decl. ¶ 6, Ex. F.) None of Plaintiffs' excuses offered in their response justify their delay or their lack of communication. (*See generally* Resp.) The court warns Plaintiffs that it will not tolerate any future unreasonable delays in the discovery process.

Plaintiffs represent that they "have signed and sent letters releasing and consenting to [Amtrak] to request and gather any and all medical records, Military Service Records, etc., and gave consent for them to view and research all forms of social media that they needed or thought pertinent." (Resp. at 2.) However, Amtrak maintains that what Plaintiffs have offered remains incomplete. (Reply (Dkt. # 33) at 1-2.) For example, although Ms. Daniels has provided a medical release (*see* Parodi Decl. at 6-9), she has not provided the names or contact information of any of her medical care providers, as requested by Amtrak's interrogatories, which renders a medical release useless. Moreover, Plaintiffs do not submit any of the other purported releases, including any Military Service or social media releases. (*See* Daniels Decl.; Parodi Decl.) And finally, Plaintiffs have not attached any evidence that they have served initial disclosures or responded any further to Amtrak's interrogatories and requests of productions—the core of the January 6, 2021, order. Thus, Plaintiffs are incorrect that these issues were "thought to be settled." (*See* Resp. at 2.)

1    The court appreciates Plaintiffs' *pro se* status and the special solicitude that courts
2 provide *pro se* litigants in reviewing their filings. (*See* Resp. at 5, 8-10); *see Erickson v.*
3 *Pardus*, 551 U.S. 89, 94 (2007). However, the court repeats its previous reminder to
4 Plaintiffs: "Pro se litigants must follow the same rules of procedure that govern other
5 litigants." *Briere*, 271 F. App'x at 683. Plaintiffs elected to bring this action, and even
6 though they are proceeding *pro se*, they are still bound by the rules governing litigation.
7 That, of course, includes complying with discovery orders. For the sake of clarity, the
8 court reiterates that Plaintiffs have not fully complied with its January 6, 2021, order,
9 because they have neither served initial disclosures nor fully responded to Amtrak's
10 interrogatories and requests for production.
11    Accordingly, the court again ORDERS Plaintiffs to serve their initial disclosures
12 and to fully respond to Amtrak's interrogatories and requests for production by April 14,
13 2021. Plaintiffs shall provide the requested discovery to both Amtrak and the court, and
14 this information shall be received by April 14, 2021. The court stresses to Plaintiffs the
15 importance of complying with this order by the specified deadline, and it warns Plaintiffs
16 that any failure to timely comply with this order in good faith may result in further
17 sanctions, up to and including dismissal of their complaint. *See* Fed. R. Civ. P. 37.

### IV. CONCLUSION

19    Based on the foregoing, the court DENIES Amtrak's motion to dismiss (Dkt.
20 # 26). The court AWARDS Amtrak the amount of $100.00 against Plaintiffs, which
21 Plaintiffs shall pay by April 14, 2021. The court further ORDERS Plaintiffs to produce
22 the following, as articulated in its previous order:

1     (1) Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A);

2     (2) Medical provider information as articulated in interrogatories 12 and 13,

3     including contact information;

4     (3) Copies of medical bills and expenses related to the underlying incident as

5     articulated in request for production 12;

6     (4) Damages calculations and supporting documentation as articulated in

7     interrogatory 14;

8     (5) Witness information as articulated in interrogatory 15, including their contact

9     information and a summary of their knowledge; and

10     (6) Social media data as articulated in interrogatory 17 and requests for production

11     11 and 13.

12 Plaintiffs shall provide the above to both Amtrak and the court, and the information must

13 be received by Amtrak and the court before or on April 14, 2021. The Clerk is

14 DIRECTED to send a copy of this order to Plaintiffs.

15     Dated this 24th day of March, 2021.

                                                JAMES L. ROBART
                                                United States District Judge