UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAYZE DANIELS, et al., <br><br> Plaintiffs, <br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, et al., <br><br> Defendants. | CASE NO. 20-0295JLR <br><br> ORDER GRANTING RENEWED MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendant National Railroad Passenger Corporation's ("Amtrak") renewed motion to dismiss. (2d MTD (Dkt. # 37).) *Pro se* Plaintiffs Mayze Daniels and Darrell Parodi (collectively, "Plaintiffs") have not filed a response to the motion. (*See generally* Dkt.) The court has reviewed the motion, the relevant portions

ORDER - 1

of the record, and the applicable law. Being fully advised,[1] the court GRANTS the motion to dismiss.

## II. BACKGROUND

On March 12, 2019, Plaintiffs were passengers on an Amtrak train that was allegedly faulty. (Am. Compl. (Dkt. # 9) at 5.) The faulty train car allegedly caused a small explosion and fire, resulting in personal injury and damage to Plaintiffs' personal property. (*Id.* at 5.) Plaintiffs subsequently filed suit on February 24, 2020, against Amtrak and other defendants for damages. (*Id.* at 6.)

The parties have since engaged in discovery. On July 15, 2020, Amtrak served a set of written discovery requests to Plaintiffs. (Nolet Decl. (Dkt. # 19) ¶ 3, Ex. B.) Amtrak requested supplemental responses from Plaintiffs to several interrogatories and requests for production on September 1, 2020, and the parties held a discovery conference on September 10, 2020. (*Id.* ¶¶ 4-5, Exs. C-D.) Plaintiffs provided supplemental responses on September 17, 2020, but Amtrak requested further supplementation and scheduled another discovery conference for October 6, 2020. (*Id.* ¶¶ 6-7, Exs. E-F.) Plaintiffs did not appear, nor did they supplement their responses, despite representing that they would do so. (*Id.* ¶¶ 8-10, Ex. G.)

On December 17, 2020, Amtrak alerted the court of this discovery dispute. (12/17/20 Order (Dkt. # 21); *see also* MTC (Dkt. # 18).) Amtrak first sought to compel

---

[1] No party requests oral argument (*see* 2d MTD at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Plaintiffs to serve initial disclosures, which were due on May 18, 2020. (MTC at 1-2.) It additionally sought to compel Plaintiffs to fully respond to five interrogatives and three requests for production. (*Id.* at 5-10.) The court ordered Plaintiffs to file a statement regarding this discovery issue and to appear at a telephonic hearing on January 5, 2021. (12/17/20 Order at 1-2.) Plaintiffs did not file anything as ordered, and they did not appear at the telephonic hearing. (*See* Dkt.; 1/5/21 Min. Entry (Dkt. # 22).) At this conference, Amtrak stated that it had lost contact with Plaintiffs despite several emails and calls. (*See* 1/6/21 Order (Dkt. # 23) at 2; *see also* Yates Decl. (Dkt. # 34) ¶¶ 2-7, Exs. A-G (attaching communications to Plaintiffs).) Plaintiffs similarly failed to respond to written communication from the court, and there was no indication that the orders had failed to reach the Plaintiffs. (*See generally* Dkt.)

On January 6, 2021, the court granted Amtrak's motion to compel. (*See* 1/6/21 Order at 1.) The court ordered Plaintiffs to serve initial disclosures—seven months overdue at that time—and fully respond to interrogatories and requests for production regarding medical provider information, damages calculation, potential witnesses to the incident, and social media information. (*Id.* at 2-3; *see also id.* at 4 (listing items that must be produced by Plaintiffs).) The court reminded Plaintiffs that although they are *pro se*, they must still follow the "same rules of procedure that govern other litigants" and that under Federal Rule of Civil Procedure 37, failure to obey a discovery order may result in sanctions up to and including dismissal. (*Id.* at 3 (quoting *Briere v. Chertoff*, 271 F. App'x 682, 683 (9th Cir. 2008)).) The court ordered Plaintiffs to provide the requested discovery to Amtrak and the court no later than January 25, 2021. (*Id.* at 4.)

Again, despite no indication that the order failed to reach Plaintiffs, Plaintiffs did not provide the requested discovery to Amtrak or the court. (*See generally* Dkt.)

On February 8, 2021, Amtrak filed a motion for the court to sanction Plaintiffs by dismissing their lawsuit because of their "failure to comply with the discovery obligations" and this court's January 6, 2021, Order. (1st MTD (Dkt. # 26) at 1.) Plaintiffs responded to Amtrak's motion, asking for "leniency . . . to allow [them] the opportunity to give [Amtrak] whatever it is they are requesting." (1st MTD Resp. (Dkt. # 30) at 1.) On March 24, 2021, the court determined that, while Plaintiffs had been delinquent in responding to Amtrak's discovery request and created a serious delay, dismissal was not warranted at that time. (3/24/21 Order (Dkt. # 36) at 5-7.) However, the court sanctioned Plaintiffs and ordered them to pay $100.00 to Amtrak by April 14, 2021, "as reasonable expenses for forcing it to file motions to compel and to dismiss." (*Id.* at 7.) Additionally, the court ordered Plaintiffs, again, to file their initial disclosures—this time by April 14, 2021. (*Id.* at 9 (ordering Plaintiffs to provide requested discovery to both Amtrak and court).) Plaintiffs again have not done so. (*See generally* Dkt.; 2d MTD at 1-2.) Amtrak filed the instant motion seeking the sanction of dismissal on April 19, 2021. (*See* 2d MTD.) This time, Plaintiffs have not responded. (*See generally* Dkt.)

### III. ANALYSIS

Federal Rule of Civil Procedure 37 provides that:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending

may issue further just orders. [Sanctions] may include the following: . . . dismissing the action or proceeding in whole or in part . . . .

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(d)(3) (permitting identical sanctions for failure to respond to interrogatories or requests for production). "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far W. Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).

Dismissal is a harsh penalty, and the court should impose it only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This is especially true for *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *Briere*, 271 F. App'x at 683. The Ninth Circuit requires the court to consider five factors in determining whether to dismiss a case under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); (*see also* 3/24/21 Order at 5.) After considering these factors in light of Plaintiffs' repeated failures to heed the orders and warnings of this court, the court concludes that the factors favor the entry of dismissal as a sanction.

The first two factors, "public's interest in expeditious resolution of litigations" and the "court's need to manage its docket," are served by dismissing this case with

prejudice.  *See Malone*, 833 F.2d at 130.  Plaintiffs have repeatedly failed to meet their discovery obligations under the federal and local rules, and they have not followed the court's orders despite many warnings.  (*See* 12/17/20 Order at 1-2 (ordering Plaintiffs to file statement on discovery issue); *id.* (ordering Plaintiffs to appear at scheduled telephonic conference); 1/6/21 Order at 4 (ordering Plaintiffs to provide initial disclosures and discovery responses); 3/24/21 Order (ordering Plaintiffs a second time to provide initial disclosures and discovery responses as well pay monetary sanctions); *id.* at 7 ("Any further unwarranted delay by Plaintiffs . . . will alter the court's analysis of the dismissal factors.")  At no point have Plaintiffs justified their failures to comply with the court's orders.  (*See generally* Dkt.)  The court has no reason to believe that, if this case were allowed to proceed, that Plaintiffs would be any more cooperative or follow future orders from the court.  Thus, the court is convinced that dismissal will serve the public's interest in expeditious resolution of litigation and allow this court to manage its docket without undue difficulty.

The remaining three factors also weight in favor of dismissal.  Plaintiffs' intransigence demonstrates a risk of prejudice to Amtrak as the deadlines of the case draw nearer and discovery cannot be completed.  Indeed, Plaintiffs' actions have already forced Amtrak to file motions to get them to follow basic discovery rules.  They have also undermined the court's confidence that this case will be able to reach a disposition on the merits.  *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("[I]t impossible for [this] court to be confident that the parties will ever have access to the true facts[.]").  Finally, the court has attempted less

drastic sanctions to no avail. (*See* 3/24/21 Order at 9 (imposing monetary sanctions and "warn[ing] Plaintiffs that any failure to timely comply with this order in good faith may result in further sanctions, up to and including dismissal of their complaint")).) Accordingly, the court concludes that the factors laid out by the Ninth Circuit support dismissal with prejudice. *See Malone*, 833 F.2d at 130.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Amtrak's renewed motion to dismiss (Dkt. # 37). Plaintiffs' complaint is dismissed with prejudice.

Dated this 20th day of May, 2021.

JAMES L. ROBART
United States District Judge